STATE, EX REL. O'NEILL ET AL. *v.* PYLE ET AL.
[No. 26,292.   Filed March 15, 1933.]

*William P. O'Neill,* for relator.
*Lewis W. Hammond,* for respondent.

FANSLER, J.—This is an original action in this court for a writ of mandate requiring the respondent to grant a change of venue from the county.

William P. O'Neill was appointed guardian ad litem of William E. Konzen, a person of unsound mind, who is a defendant in an action to partition real estate. The cause was set for trial for January 24, 1933, and on that date the guardian ad litem filed an affidavit for a change of venue from the county on the ground that "an odium attaches to the applicant or to his cause of

defense on account of local prejudice." The change was denied.

On the filing of this action an alternative writ issued commanding the respondent to set aside his ruling on the motion for a change of venue and to grant the change, or show cause why it should not be done, and enjoining and restraining respondent from taking any other or further action until the further order of the court.

Respondent filed his return in which he shows that his action was based upon the following grounds:

1st. That a guardian ad litem is not entitled as a matter of right to a change of venue from the county even upon a timely and proper application therefor.

2nd. That the motion and affidavit did not state any statutory cause for a change of venue.

3rd. That there was in force at the time said motion was filed the following rule of court:

"When a change of venue is granted, either from the county or the judge, all costs, including witness fees, occasioned by asking the change after the case appears upon the 'A' list of the trial calendar, shall be taxed against and paid by the party seeking the change before the order changing the venue is made, except in such cases as the statutes of Indiana may provide otherwise."

At the time the cause was at issue and on the "A" list of the court, and both the court and the plaintiffs were present and ready for trial, and neither the defendant nor the relator paid or tendered to the clerk of said court the costs of the action as provided in the rule.

4th. That the action, being one for the partition of real estate, is not in the class of cases appealable to the Supreme Court.

5th. That the relator has not shown himself entitled to the issuance of said writ because it appears from the complaint that the interest of persons not parties to

this action would be affected by the issuance of the writ.

6th.   That the issuance of a writ of mandate is not necessary to the exercise of the appellate jurisdiction of this court for the reason that no exception·was taken to the ruling of the court in overruling the motion for a change of venue.

> "Respondent further says that if the court erred in said ruling, the relator had an adequate remedy at law by an appeal to the Appellate Court of the State of Indiana but that the relator failed to take any exception to said ruling."   ·

While the form of the verified motion might have been improved upon, it shows by a fair interpretation of the language that the defendant, William E. Konzen, ■ is the applicant for a change and that he cannot have a fair and impartial trial in said county for the reason that an odium attaches to him or to his defense on account of local prejudice, and that the existence of the reasons for the change were not known to the affiant as guardian ad litem at the time the cause was assigned for trial.   As a matter of course the application was verified by the guardian ad litem.   The affidavit was sufficient under the statute.

It is urged by respondent that a guardian ad litem is not entitled as a matter of right to a change from the county for the reason that he is an officer of the ■ court and is subject to the control of the court in such matters.   We cannot agree with this view.   It is true that the guardian ad litem is an officer of the court, that his powers and duties are limited by statute and by the orders of the court appointing him, but it is also true that, when a guardian ad litem is appointed to defend the interests of an incompetent person, it is his duty to see that every legitimate defense is made, and that these defenses are presented

in a court where his ward can obtain a fair and impartial trial.

No reason is suggested why a ward should not have the same right to a trial by an unbiased tribunal that is accorded to adults who are competent to present their own defenses. The policy which requires that every protection shall be furnished to those who are incapable of defending themselves indicates the necessity of insuring such a right. The court who is charged with the duty of deciding between the ward and an adversary is in no position to dictate what steps shall be taken in the ward's defense. That decision must necessarily rest in the sound discretion of the guardian ad litem. The abuse of such discretion can be avoided by the appointment of conservative and discreet guardians.

The respondent says that in determining the two questions above referred to he was required to construe §333 and §442 Burns Revised Statutes 1926. In every case where a motion for a change of venue is presented the court is required to construe and pass upon the statute. It does not follow that this involves judicial action.

"In a civil case, when a motion for a change of venue from the county is filed for a statutory cause, if it is supported by an affidavit in compliance with the statute and is timely filed, it is the imperative duty of the court to grant the change." *Wheeler* v. *City of Indianapolis* (1929), 201 Ind. 415, 166 N. E. 433, 175 N. E. 15.

"The cause thus seasonably invoked for a change involved no issue of fact to be determined or matter calling for the exercise of judicial discretion. The language of this statute, 'shall change the venue' in all civil actions, is an arbitrary mandate or duty imposed by law on the court in term or the judge thereof in vacation to grant the change." *State of Indiana, ex rel. Wheeler* v. *Leathers, Judge* (1925), 197 Ind. 97, 149 N. E. 900.

If, in a civil action, the verified application for the change of venue shows one or more of the causes set out in the statute, the court has no discretion in the premises, but must grant the change. In determining whether or not the action is one in which a change of venue from the county may be granted, and whether the affidavit states sufficient facts to bring it within the statute, the court is controlled by the same rules that affect a ministerial officer without discretion in the premises.

In every original action filed in this court seeking a mandate to require the granting of a motion for a change of venue, there is a controverted question of law. Courts do not arbitrarily refuse to grant changes of venue. In every case there is a controverted question as to the proper construction of a statute or of the pleading asking the change. Necessarily the trial judge must construe the statute and the pleading, and if this shall be deemed exercising a judicial function or exercising discretion there would be no case in which this court might compel the granting of a change of venue under §1244 Burns 1926.

It is also clear that a ministerial officer must construe a statute under which he is acting for the purpose of determining whether it compels him to act, and whether he has any discretion in the premises, and, notwithstanding, he may construe the statute incorrectly, he will be mandated to act if the court construes the statute to require it. In determining whether a party has a clear right to a change of venue, the court acts in the same manner that a ministerial officer acts. Both are bound to know the law as this court shall determine it and to construe the statute and any pleading involved correctly, and in construing the statute and pleading they do not act judicially, nor is it an exercise of discretion.

Insofar as it holds that the action of a trial court in construing a statute for the purpose of determining whether or not an applicant is entitled to a change of venue is a judicial function, the result of which will not be controlled by the mandate of this court, and insofar as it holds that parties adversary to the applicants are necessary parties to a petition for a writ of mandate in this court, the case of *State of Indiana, ex rel. Farmers Loan and Trust Company* v. *Wrigley, Judge* (1918), 187 Ind. 78, 118 N. E. 353, and cases decided on authority thereof, are overruled.

The parties adversary in the case below are not necessary parties to this action. The effect of the statute providing for changes of venue from the county is to give the party applying a change as of right when he believes that certain conditions exist and files his verified petition accordingly. The adverse parties have no right to have their cause tried in the tribunal in which it is pending. They merely have the right to have it tried in that tribunal or a similar tribunal to which it may be changed under the statute. The change does not affect the merits of the controversy. The adversaries of the party applying for the change below and whose application was improperly denied, if their interests are affected at all, are interested in having the mandate issue and the change granted, since if this is not done and they should procure a judgment below, a reversal of the case on appeal would nullify their judgment and they would have been injured by having been required to try their case with no possibility of a judgment in their favor being permitted to stand. *State of Indiana, ex rel. McGarr* v. *Arthur E. DeBaun, Judge* (1926), 198 Ind. 661, 154 N. E. 492.

The statute, §447 Burns 1926, provides that when a change of venue from the county is granted the court

shall "prescribe the time within which the applicant shall pay the costs of the change; and the clerk of the court in which the suit is pending, as soon as the costs of the change are paid, shall forthwith transmit all the papers. . . ."

The "costs of the change" has always been interpreted to mean the clerk's costs in preparing the transcript and certifying the same, and has not been interpreted as including any other costs.

> "The mode and time of making the application may be regulated by a rule of court, but such right of the party can not be abrogated or obstructed in such a way as to prevent the exercise of it by a rule of court, for the statutory right is paramount to any rule." *Ogle et al.* v. *Edwards, Administrator* (1892), 133 Ind. 358, 33 N. E. 95.

It is then held that, even after a cause is set for trial, and notwithstanding the rule that a motion to change the venue will not then be entertained, a party is entitled to a change and not required to comply with the rule where he shows in his application that the facts entitling him to a change were not known to him in time to permit of his filing the motion for a change before the cause was assigned for trial.

If the rule of the St. Joseph Superior Court, referred to above is intended to require that a party who files a motion for a change of venue after the cause has been assigned for trial and shows that the facts which are the basis of the motion were unknown to him until after the cause was assigned shall be required to pay any costs other than the costs of the change provided for by statute it is, to that extent, invalid, since the right of the party to the change cannot be abrogated or obstructed. The statutory right is paramount and the only burden attached to the change of venue by the statute is payment of the costs of the

change. This burden may not be increased by rule of court.

Section 1244 Burns 1926 provides that this court may issue writs of mandate to compel the granting of changes of venue from the county in cases where such change of venue is allowed by law, and our jurisdiction is invoked under this statute and not in aid of our appellate jurisdiction.

If the remedy by appeal is to be held adequate, the statute would be useless and serve no purpose. The Legislature obviously intended that relief should be granted under the statute without the vexations, delays and expense of a fruitless trial.

The alternative mandate is made absolute.