STATE EX REL. KRODEL ET AL. *v.* GILKINSON, JUDGE ET AL.

[Nos. 26,603 and 26,604 (two cases). Filed November 21, 1935.]

*James A. Collins* and *Jessie Levy*, for petitioners.

*W. E. Cox* and *Allen, Hastings & Allen,* for respondents.

HUGHES, J.—This is an original action in this court for a writ of prohibition and for the purpose of this opinion the foregoing cases are consolidated, as the same questions are involved.

In cause No. 26604 it appears that Conrad Meyer filed an action in the Circuit Court of Martin County against John T. Buchta, Andrew J. Krodel, John L. Hoffman, and Robert Buchta on a promissory note and recovered judgment for $2,716. Summons was made returnable on November 3, 1934. That on November 2, 1934, the defendants called upon the plaintiff at his home to discuss the suit with him; that the plaintiff, Meyers, told the defendants that he would instruct his attorneys to dismiss his cause of action and that the same would not be tried; that the defendants relied upon the statements of the plaintiff and did not appear in court on November 3, 1934; that on November 10, 1934, judgment was taken against them by default and the plaintiff caused an execution to be issued by the clerk of said court and placed in the hands of the sheriff of said county; that to prevent a levy upon their property, they executed a stay bond as provided by law.

It is further alleged in the petition for a writ of prohibition that at the next regular term of said court in January, 1935, the petitioners procured counsel who filed a complaint to set aside the default and vacate the judgment rendered November 10, 1934; that on March 25, 1935, the petitioners appeared in court with counsel and filed with the court their motion and affidavit for a change of venue from said county of Martin; that said motion was overruled and an exception was given to the overruling of the motion; that immediately thereafter the Hon. Frank E. Gilkinson, presiding judge of said court, announced that he would disqualify himself, and

thereupon announced the names of three attorneys from which to select a special judge; that each side struck a name leaving Joseph Smith of Loogootee who was then and there selected as such special judge and qualified. It is further alleged that the complaint to set aside the default and vacate the judgment was set for trial on April 5, 1935; that on said date the trial was had, the Hon. Frank E. Gilkinson presiding over the objection of the defendants and relators herein; that judgment was rendered for the defendant and against relators; that within the time allowed by law a motion for a new trial was filed and is now pending.

It is further alleged by the relators that the Honorable Frank E. Gilkinson was the attorney for the plaintiff in the cause of action on the promissory note against the relators before being elected judge of the 49th judicial circuit, and that he was interested in said cause in the sum of $200.00 attorney fees and was therefore not qualified to sit as judge in said cause.

The Honorable Frank E. Gilkinson, in his response to the alternative writ of prohibition issued by this court, admits that prior to the time he began his term of office as judge of the 49th judicial circuit, he was the attorney for Conrad Meyer in an action against the relators on a promissory note and also for Harry Aulenbacher against the relators on another note and that he took judgment by default. He states in his response that prior to taking judgment no information ever came to him from either client or anyone else that any arrangements had been made with his clients not to take judgment on the return date mentioned in the summons; that on the 1st day of the March term of court, 1935, Conrad Meyer appeared in court by his attorneys and filed an answer of general denial to the complaint to set aside the default judgments, and on the same date the plaintiffs offered to file a verified application for a

change of venue from Martin county, and on objection by the defendant a change of venue was denied upon authority of the case of *Christ* v. *Javanoff* (1926), 84 Ind. App. 676, 151 N. E. 26; that the case was set for trial April 5, 1935. The respondent further states that at the time the case was set for trial he called the attention of the parties to his connection with the case as an attorney for the plaintiffs in the original action and suggested that he would be pleased to sustain a motion for a change of judge, if either party would file it; that the attorneys for the plaintiffs, in the action to set aside the default, said they would file a verified motion for a change of judge, but that neither one of their clients were present and asked that they be permitted to file it on the day of trial; that a verbal agreement was announced whereby the plaintiffs were to file a verified motion for a change of judge on the day of trial and that the parties agreed that Joseph P. Smith, an attorney of said circuit court, should serve as judge; that this agreement was verbal, but was to be made a matter of record when the verified motion for a change of judge should be filed; that on the day fixed for trial, April 5, 1935, he announced that he was ready to make the record of the filing of the motion for a change of judge and appoint Joseph P. Smith as special judge; that plaintiffs' attorneys asked for time to prepare said motion and retired from the court room to another room where they remained for about one hour; that when they returned they announced that they declined to file any motion for a change of judge and that they were ready for trial; that he then proceeded to try the case and the same was taken under advisement until April 13, 1935, at which time the court made a finding and rendered judgment for the defendants; that the attorneys for the plaintiffs then filed a motion for a new trial and the case is now pending on the motion for a new trial.

It is to be observed that the relators allege in their petition that the respondent disqualified himself, and, "thereupon announced the names of three attorneys from which to select a Special Judge and that each side struck a name leaving Joseph Smith of Loogootee who was then and there selected as Special Judge and qualified." This was denied by the respondent and the relators present no record in this court to show there was any such action taken. We presume there was none or it would have been presented.

It is also to be observed that the respondent does not controvert, as alleged in the petition, that he had an attorney fee of two hundred dollars in the judgment in the original action.

It cannot be questioned that the respondent had an interest in the judgment and was the attorney for the plaintiff in the original actions prior to the time he was elected judge. The first question presented is, was he, under the facts as disclosed in relator's petition and the response of the respondent, qualified to sit as judge in the action to set aside the default judgment obtained in the original action?

The respondent rests his case upon the proposition that the statute, §442, Burns 1926, §2-1401, Burns 1933, §190, Baldwin's 1934, provides a method for a change of judge and that by reason of the fact that the plaintiffs refused to take advantage of the statute, after knowledge that he had been the attorney for the plaintiffs in the original action and that he had an attorney fee of two hundred dollars in the original judgment, and that relators refused to file an application for a change of judge and stated they were ready for trial, they cannot now complain and are foreclosed from any relief.

It appears both from the relator's petition and the response of the respondent that the relators, prior to the

time of trial, knew that the respondent had been the attorney for the plaintiffs in the original action and that he had an attorney fee coming to him as the result of the judgment rendered in that case. The respondent so notified the plaintiffs and asked them to place on record an application for a change of judge so that another party might be selected to try the cause and on the day set for trial gave them time to prepare such an application. After nearly an hour of consultation the attorneys for the plaintiffs returned into court and stated they would not place on file an application for a change of judge and that they were ready for trial. It appears that the trial proceeded and in due time a judgment was rendered in favor of the defendants. Under such circumstances we are of the opinion that the relators waived any rights that they may have had.

In the case of *Carr* v. *Duhme* (1906), 167 Ind. 76, 78 N. E. 322, it appears that one Joseph Taylor was appointed a viewer in a ditch proceeding and that he had land that would be benefited by the construction of the ditch. Proceedings were had and appeal taken to the circuit court. In the circuit court the appellant objected to the jurisdiction of the court and moved that the cause be certified back to the board of commissioners with instructions to set aside the appointment of viewers and all subsequent proceedings for the reason that Taylor had an interest in the subject matter and was disqualified from acting. The motion was sustained and the cause appealed. In discussing the questions involved, this court said (p. 79) :

"If the participation of an interested member of the board so affects its jurisdiction as to make its judgment void, then the invalidity cannot be cured even by consent of the parties; but if such improper action is a mere irregularity or error rendering such proceeding voidable only, then the disqualifica-

tion and consequent error may be waived by failure to make seasonable objection to the same."

In many of the states there are express statutes which prohibit a judge of any court sitting in a cause in which he is an interested party. In such states judgments rendered by judges contrary to such statutes are absolutely void. *Horton* v. *Howard* (1890), 79 Mich. 642, 44 N. W. 1112; 1 Freeman on Judgments (5th ed.), §330. The disqualification, at common law, because of a judge having an interest in the subject matter brought before him did not affect his jurisdiction and his acting in the cause was regarded as a mere irregularity or error on account of which a timely recusation would afford ground for the reversal of the judgment on appeal. 1 Freeman, Judgments (4th ed.), §145. *Carr* v. *Duhme, supra.* Freeman announces that the general effect of the statutory prohibitions in the several states is undoubtedly to change the rule of the common law as far as to render those acts of a judge, involving the exercise of judicial discretion, in a case wherein he is disqualified from acting, not merely voidable, but void. 1 Freeman on Judgments (5th ed.), §330.

There is no statute in this state expressly prohibiting a judge from acting in a case wherein he is interested and hence, by the great weight of authority, a ▆▆ judgment rendered by him would be voidable only. We have the express provision for a change of judge in cases where he has been engaged as counsel in the cause prior to his election or appointment as judge, or is otherwise interested in the cause. If, however, a party to an action fails and refuses to take advantage of this provision after having knowledge that the judge is an interested party, not necessarily to the action, but in the result of the litigation, and proceeds to trial he thereby waives the provision made for his benefit. *Stone* v. *Marion* (1889), 78 Iowa 14, 42 N. W.

570. The facts in this case are very similar to the facts in the instant case and the court there said (p. 17) :

"It is clear to us from the record that both the court and the plaintiff understood that the disability of the judge had been waived by mutual consent; that the defendant had given ample cause for such an understanding, and was chargeable with knowledge of it. Evidently it would be not only unjust, but contrary to the spirit of the statute, to allow the defendant to remain silent under such circumstances, until it is ascertained that the trial had not resulted as it desired, and then to permit it to interpose the objection now urged."

So in the instant case it would be unfair and unjust and not in the spirit of the statute to permit the relators, having knowledge of all the facts, to refuse to take a change of judge and proceed to trial and then when they have an adverse judgment to grant a writ of prohibition as prayed for.

In the case of Carr v. Duhme, supra, the court further said (p. 81) :

"In the absence of prohibitory legislation the question of the interest or bias of a judge is regarded as a private matter and of concern only to the parties to the action. But when constitutional or statutory provisions forbid a judge from acting officially, his action is regarded as transgressing the public policy of the state. Such prohibitions are plainly intended not for the protection of the parties to a suit merely, but for the general interest of justice, by preserving the purity and impartiality of the courts, and the respect and confidence of the people for their decisions. . . . In cases where the disqualification of the judge renders the proceedings voidable merely and not void, it may be waived by consent of the parties. The disqualification of Taylor as a commissioner in this proceeding was disclosed by the record and known to the parties. It was appellees' duty, if they desired to object to his acting because of interest, to make such objection at the earliest opportunity, and thereby prevent the accumulation of needless costs and the attainment of a fruitless result. If a party, knowing

of a valid objection to a proceeding, neglects to avail himself of it, and stands by or participates therein until a result is reached adverse to his interests, it is but justice that he should bear the consequences which his own folly has suffered to occur."

As to the waiver of disqualifications of a judge see the following cases. *Moses* v. *Julian* (1863), 45 N. H. 52, 84 Am. Dec. 114; *Ex parte Hilton* (1902), 64 S. C. 201, 41 S. E. 978, 92 Am. St. R. 800; *Noyes* v. *Kern* (1880), 94 Ill. 521; *Shope* v. *State* (1898), 106 Ga. 226, 32 S. E. 140; *Baldwin* v. *Runyan* (1893), 8 Ind. App. 344, 35 N. E. 569.

While we concur with the respondent that the relators waived the disqualifications of the respondent to sit as judge in the cause of action, we do not approve the professional ethics of the respondent in failing to refuse to sit as judge regardless of the fact that the relators did not file a formal application for a change of judge. Under the facts in the case it was plainly his duty to disqualify himself and select someone as provided by statute. He should have done as Judge Cravens did in the case of *Joyce et al.* v. *Whitney* (1877), 57 Ind. 550. The language used in that case is especially applicable here and is as follows:

"In our opinion whenever a judge of a court is notified in any manner, that a cause, in which he has been engaged as counsel for any of the parties, is pending before him, his self-respect, and his duty as a servitor in the administration of justice, alike demand that he should promptly refuse to sit as judge in the hearing of such cause, even with the consent of all the parties. Judges are by no means free from the infirmities of human nature, and, therefore, it seems to us, that a proper respect for the high positions they are called upon to fill should induce them to avoid even a cause for suspicion of bias or prejudice, in the discharge of their judicial duties."

The remaining question to be decided is whether or not the respondent committed error in refusing the relators to file a verified application for a change of venue from Martin county. We think the relators should have been permitted to have filed the application, but, if, after filing the same, there would have been no error in overruling the application then no harm was done to the relators.

The section of the statute involved here is §423, Burns 1926, §2-1068, Burns 1933, §173, Baldwin's 1934, and is as follows:

> "CORRECTION OF PLEADINGS AS TO MISTAKE IN NAMES, DESCRIPTION, LEGAL EFFECT OR IN OTHER RESPECTS — RELIEF FROM JUDGMENT ON DEFAULT.—After trial and before final judgment, the court may, in its discretion, and upon such terms as may be deemed proper for the furtherance of justice, order that any pleading be amended by correcting any mistake in name, description, legal effect, or in any other respect, or by inserting, striking out or modifying any material allegation in order that the pleadings may conform to the facts proved, where the amendment will not deprive a party of any substantial right.
>
> "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, on complaint filed and notice issued, as in an original action, within two [2] years from and after the date of the judgment."

The foregoing section was an amendment of Section 135 of an Act approved April 7, 1881. The Act of 1881 provided, among other things, that a party might be relieved from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years. The present act provides that relief may be granted on complaint filed and notice issued, as in an original action, within two

years from and after the date of the judgment. This court in the case of *General Outdoor Adv. Co.* v. *The City of Indianapolis* (1930), 202 Ind. 85, 172 N. E. 309, construing §423, *supra,* as amended, held that, "the proceedings to set aside default judgments are independent original actions and not ancillary proceedings in the case in which the default was taken." We do not construe this language to mean, however, that they are such original actions that a change of venue from the county may be taken. Under the law as it originally stood the proceedings were summary and no pleadings were contemplated beyond the complaint or motion. *Brumbaugh et al.* v. *Stockman et al.* (1882), 83 Ind. 583; *Graves* v. *Kelly* (1916), 62 Ind. App. 164, 112 N. E. 899. In the case of *Lake et al.* v. *Jones et al.* (1874), 49 Ind. 297, the court said (p. 299) :

> "An application to be relieved from a judgment rendered on default may be by motion or on complaint. The evidence may consist of affidavits, depositions, or oral testimony. No answer is required. If made during the term, no notice is required. If made after the term, notice should be given. The whole purpose of the proceeding is to set aside the default, so that the action may be prosecuted or a defense made. The proceeding is a summary one, but both parties may file affidavits upon the point on which the relief is sought. If the default is set aside, the cause can be tried on its own merits."

The foregoing opinion was based upon section 99, Gavin and Hord, which provided that at any time within one year the court might relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect.

In the case of *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195, which is a case involving section 423, *supra,* the court said (p. 574) :

> "It is perfectly clear, from a mere reading of the order of the trial court vacating and setting aside the defaults and judgments entered in the original cases

that appellee was only thereby permitted to appear and answer each of those causes upon their merits. Moreover, there is no room for saying that the amendment of the old statute, by omitting the word 'motion' and requiring a complaint to be filed 'as an original action,' changed the rule permitting an application for relief, as here, to be determined in a summary manner and without pleadings other than a complaint."

Under the law as it originally stood, it would hardly be contended that upon motion to set aside a default a change of venue from the county could have been obtained. It was a summary proceeding and then, as now, must have been filed in the court where the proceedings were pending. *Christ* v. *Jovanoff, supra.* The setting aside of a default judgment is in the nature of a motion for a new trial and if the judgment is set aside the cause may then be tried upon its merits. And, moreover, an action to set aside a default is not an independent original action that an appeal will be allowed from an order setting aside a judgment rendered upon default of the defendant. *Woodard* v. *Killen, supra.*

We think the main purpose of the amended section 423, *supra,* requiring a complaint to be filed and notice issued as in an original action was to give ample and sufficient notice to all of the adverse parties of the action to be taken and that it cannot be construed to mean an original civil action wherein a change of venue from the county may be had, and this is the holding in the case of *Christ* v. *Jovanoff et al., supra.*

The temporary writ of prohibition heretofore granted is dissolved and the petition is denied.