STATE EX REL. ROTH *v.* DICKEY, JUDGE.

[No. 28,317.   Filed June 26, 1947.]

George W. Andrews, of Marion, for relator.

Campbell, Gemmill, Browne & Ewer, of Marion, for respondent.

O'MALLEY, C. J.—The relator filed an action in the Grant Superior Court, service of summons was had and answers were filed on behalf of the defendant. The action was filed to set aside a judgment obtained by the defendant in a prior action. After the issues were closed the relator filed an affidavit requesting a change of judge. The respondent denied the requested change of judge on the ground that the proceeding was commenced under § 2-1068, Burns' 1933.

An examination of the complaint discloses that it was filed under the number of the former action in which a judgment was obtained. The complaint alleges that the plaintiff in such former action knew that relator was a non-resident of Grant County at the time of the filing of the former action and that, despite such knowledge, she caused summons to be served at a place of residence as and for his last and usual place of residence. It further alleges that she fraudulently caused the return of such service to be presented to the court and thereby secured judgment while this relator was in the armed

service. The prayer was to set aside the judgment as null and void.

Ostensibly this action was not a request for a review. It has some elements that point toward the statute referred to above (§ 2-1068, Burns' 1933) which provides a summary proceeding in which no change of judge is permissible. Under the authorities it would appear that the allegations and the demand place the complaint in that class of actions which request relief from a void judgment, one rendered without jurisdiction of the person of the defendant. It seems to us that such allegations and demand are sufficient to sustain it as an independent action charging fraud in the service of summons, the return of the sheriff, and in the procurement of the judgment.

It has been held that where there is a charge of falsely procuring a return and fraudulently creating the appearance of jurisdiction of the person, when in fact there was no real service and the party supposed to be served was a non-resident of this state, such facts were considered sufficient to show that there was no jurisdiction of the person. *Cavanaugh* v. *Smith* (1882), 84 Ind. 380.

In the above case it was determined that a judgment may be attacked for fraud in an independent action under the rules established by equity. See *Frankel* v. *Garrard* (1903), 160 Ind. 209, 66 N. E. 687; *Vivian Collieries Co.* v. *Cahall* (1916), 184 Ind. 473, 110 N. E. 672.

In acting on the application for a change of judge, the judge acts in a ministerial capacity and can look only to the affidavit and the complaint. If the affidavit is sufficient and the cause proper, the change must be granted. This court in the case of *State, ex rel. O'Neill* v. *Pyle* (1933), 204 Ind. 509,

514, 184 N. E. 776, 779, which involved the denial of a change of judge, used the following language:

> "It is also clear that a ministerial officer must construe a statute under which he is acting for the purpose of determining whether it compels him to act, and whether he has any discretion in the premises, and, notwithstanding, he may construe the statute incorrectly, he will be mandated to act if the court construes the statute to require it. In determining whether a party has a clear right to a change of venue, the court acts in the same manner that a ministerial officer acts. Both are bound to know the law as this court shall determine it and to construe the statute and any pleading involved correctly, and in construing the statute and pleading they do not act judicially, nor is it an exercise of discretion."

While the judge in the instant case based his refusal on the claim that the matter came under the statute providing summary relief, this court is not bound by such declaration and it is in its province to examine both the complaint and the affidavit to determine whether or not the change should have been granted. If this action were filed under a new number there would be no question of the right to the relief requested. Although it is filed under the number of the old case we do not believe the relief should be denied. The matter can be ordered docketed under a new number, the change of judge can be granted, and the action can be set for trial to determine the issues of fraud that are raised by the complaint. It is not the name given to a pleading, or the number that is applied, which determine its force and effect. The whole tenor of the complaint and the demand for relief forces the conclusion that the claim is one for fraud in the service, the return, and in the procurement of the judgment.

The alternative writ of mandate heretofore issued is made absolute.

NOTE.—Reported in 73 N. E. (2d) 765.