STATE EX REL. HARPER v. HOFFMAN, JUDGE

[No. 28,706.   Filed November 14, 1950.]

*Arthur J. Iles,* of Indianapolis, for relator.

*J. Emmett McManamon,* Attorney General, *George W. Hand,* Deputy Attorney General, for respondent.

GILKISON, J.—By an affidavit filed in the Juvenile Court of Marion County, relator was charged with the offense of contributing to the delinquency of a child.

In due time relator filed and presented his verified motion in proper form asking for a change of judge in the cause. This motion was denied by respondent judge. It is averred that respondent judge will continue to deny relator his right to a change of judge in said cause.

Relator's verified original action in this court is in seven grammatical paragraphs. It prays that the respondent judge be ordered to show cause why he should not be commanded to grant relator's motion for change of venue, and that upon final hearing, that said respondent be so ordered and commanded and for all proper relief. An alternative writ of mandate issued upon this petition commanding respondent to grant the change of judge demanded, or to show cause, if any, why he should not do so.

Within the time allowed a verified response in two paragraphs was filed by the respondent judge. In paragraph one, he admitted the allegations contained in each of the seven rhetorical paragraphs of relator's petition. In paragraph two, he avers that he denied the motion for change of judge because it requested that the cause be venued and transferred agreeable with § 9-2804, Burns' 1942 Replacement. That respondent believes that this section "has not only been affected, but superseded by §§ 10-812 and 10-816 Burns' 1949 Pocket Supp. (Acts 1945 Ch. 218, p. 1011, §§ 1 and 5)." That respondent believes relator is en-

titled to a change of judge, but only in accordance with § 9-1301 et seq., Burns' 1942 Replacement and Rule 1-12 of the Supreme Court.

If respondent judge believed relator was entitled to a change of judge for the reasons stated in the verified motion filed, he should have granted the motion. If he believed relator was in error in asking that the cause be transferred to the Criminal Court of Marion County agreeable with § 9-2804, Burns' 1942 Replacement he should have followed the law he believed to be applicable, and he should have taken the steps necessary to assure to the relator a change of judge agreeable with the law he believed to be applicable.

There seems to be some confusion as to the method to be followed in the selection of a special judge when a motion for change of judge has been sustained in a case of contributing to the delinquency of a child pending in a juvenile court. In the original delinquent child act, Acts 1905, ch. 145, p. 440, as amended in 1907, Acts 1907, ch. 169, § 1, pp. 266, 267, it is provided that if "there is a criminal court in the county in which such juvenile court is held then the trial of such person shall be transferred to such criminal court for trial." In the 1917 amendment, Acts 1917, ch. 111, § 2, p. 342, this provision was reenacted, and is found in § 9-2804, Burns' 1942 Replacement. Under title "An act concerning public offenses, fixing jurisdiction, and declaring an emergency" the 1945 General Assembly rewrote the law of "Contributing to Delinquency of Child." Acts 1945, ch. 218, p. 1011; §§ 10-812 to 10-816 inclusive, Burns' 1942 Replacement (1949 Supp.). In this act the provision with respect to change of judge as found in the Acts of 1907 and 1917, § 9-2804, Burns' 1942 Replacement is omitted, but Section 5 of the Act, § 10-816, Burns' 1942 Replacement

(1949 Supp.) provides: "Jurisdiction of offenses defined in this act [§§ 10-812—10-816] is hereby conferred upon courts having criminal or juvenile jurisdiction. The procedure shall be as provided by law in criminal cases."

Since September 1, 1948, Rule 1-12 of this court providing for certain procedure and practice in trial courts, provides the method to be employed in selecting a special judge to try relator's case in the respondent court. The method as there provided for should be followed.

The alternative writ of mandate issued herein is hereby made permanent, and respondent judge is mandated to grant the change of judge as prayed for by relator and to take further procedure as set forth in this opinion.

NOTE.—Reported in 94 N. E. 2d 756.