STATE OF INDIANA ON RELATION OF BECKHAM, SR. *v.*
VANDERBURGH CIRCUIT COURT, REEVES, JUDGE.

[No. 29,162. Filed June 2, 1954.]

*Roberts & Roberts,* of Evansville, for relator.

*Milford M. Miller* and *William C. Welborn,* of Evansville, for respondents.

BOBBITT, J.—Relator seeks a writ of mandate to compel the Vanderburgh Circuit Court and Ollie C. Reeves, as judge thereof, to grant a change of venue

from the judge in an action to set aside a default judgment as provided by Acts 1941, ch. 72, §1, p. 185, being §2-1068, Burns' 1946 Replacement.

We issued an alternative writ commanding respondents to grant a change of venue from the judge or show cause why it should not be done.

Respondents have filed their response in which they attempt to show that a change of venue from the judge should not be granted. Many reasons are advanced. Some are clearly without merit and we will not extend this opinion by discussing them. Others appear to have merit sufficient to require further consideration.

*First:* Respondents assert that §2-1068, *supra,* provides a summary proceeding in which no change of judge is permissible, and cite in support thereof *State ex rel. Roth* v. *Dickey, Judge* (1947), 225 Ind. 279, 281, 73 N. E. 2d 765. In that case this court held that the action therein did not come within the provisions of §2-1068, *supra,* and at page 281 of 225 Ind., said:

"Ostensibly this action was not a request for a review. It has some elements that point toward the statute referred to above (§2-1068, Burns' 1933) which provides a summary proceeding in which no change of judge is permissible."

The question of a change of judge under the section of the statute here under consideration was not before the court in *State ex rel. Roth* v. *Dickey, Judge, supra,* and the above statement from the opinion in that case is *dicta* which we are not disposed to follow.

*Second:* Respondents further assert that the procedure for setting aside a default judgment is in the nature of a motion for a new trial and hence no change of venue from the judge should be permitted. This court has said, from time to time, usually by way of *dicta,* that the effect of setting aside a default judgment is

no different from that of granting a motion for a new trial, and the practical result is the same.[1]

While such a procedure may have some of the characteristics of a motion for a new trial, it differs materially therefrom in that a motion for a new trial raises only a question of law, while a proceeding to set aside a default judgment raises only a question of fact. In a motion for a new trial the court is required to determine questions of law arising out of the trial of the original issues, while in an action to set aside a default judgment it is required to determine facts which are not a part of the original issue but which form the basis for a new and separate action.

It seems to us that an action to set aside a default judgment under §2-1068, *supra,* is a new and different action requiring notice to the adverse parties and presenting a new and different cause for trial, wherein the burden of proof is on the party requesting relief from the judgment. It is not in any way a trial of the original issues but a determination of the facts surrounding the action of the court in rendering judgment against the defendant because of some mistake, inadvertence, surprise, or excusable neglect on his part.

For these reasons we do not believe the rule pertaining to a change of venue from the judge on a motion for a new trial is applicable to a proceeding for setting aside a default judgment.

*Third:* It is further asserted that since no change

1. *State ex rel. Krodel* v. *Gilkison, Judge* (1935), 209 Ind. 213, 225, 198 N. E. 323; *Herff et al.* v. *Griggs* (1890), 121 Ind. 471, 474, 23 N. E. 279; *Comstock* v. *Whitworth* (1881), 75 Ind. 129, 131; *Frazier* v. *Williams* (1862), 18 Ind. 416, 417; *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 186, 57 N. E. 148.

of venue from the county may be had[2] there can be no change of venue from the judge. This conclusion does not necessarily follow because a change of venue from the county is authorized under one statute,[3] and a change of venue from the judge under another and entirely different statute.[4] The act pertaining to the change of venue from the judge is much broader than that providing for a change of venue from the county. *State ex rel. Mc-Minn* v. *Gentry* (1951), 229 Ind. 615, 621, 100 N. E. 2d 676.

A change of venue from the judge may be had in many cases where the statute[5] does not provide for a change from the county. The action at bar is such a case.

*Fourth:* It is also asserted that the orderly administration of justice requires that in a proceeding such as the one at bar the presiding judge in the original action, if available, determine the matter because of his experience and knowledge of the prior proceedings.

Several authorities are cited by respondents in support of this assertion. However, none of them lend any actual support. The reasoning in *State ex rel. Emmert* v. *Gentry* (1945), 223 Ind. 535, 540, 62 N. E. 2d 860, 161 A. L. R. 532, and relied upon by respondents has been repudiated by the adoption of Rule 2-40 of this court.

*Fifth:* It is further asserted that relator has an adequate remedy by appeal, hence mandate is not a

---

2. *State ex rel. Krodel* v. *Gilkison, Judge* (1935), 209 Ind. 213, 223, 198 N. E. 323; *State ex rel. Bradshaw* v. *Probate Ct.* (1947), 225 Ind. 268, 274, 73 N. E. 2d 769.

3. Acts 1881 (Spec. Sess.), ch. 38, §255, p. 240, being §2-1401, Burns' 1946 Replacement.

4. Acts 1929, ch. 6, §1, p. 12, being §2-1402, Burns' 1946 Replacement.

5. Section 2-1401, *supra.*

proper remedy. Respondents' argument on this point is ably answered in *State ex rel. O'Neill* v. *Pyle* (1933), 204 Ind. 509, at page 514, 184 N. E. 776, as follows:

"In every original action filed in this court seeking a mandate to require the granting of a motion for a change of venue, there is a controverted question of law. Courts do not arbitrarily refuse to grant changes of venue. In every case there is a controverted question as to the proper construction of a statute or of the pleading asking the change. Necessarily the trial judge must construe the statute and the pleading, and if this shall be deemed exercising a judicial function or exercising discretion there would be no case in which this court might compel the granting of a change of venue under §1244 Burns' 1926. [Section 3-2201, Burns' 1946 Replacement.]

"It is also clear that a ministerial officer must construe a statute under which he is acting for the purpose of determining whether it compels him to act, and whether he has any discretion in the premises, and, notwithstanding, he may construe the statute incorrectly, he will be mandated to act if the court construes the statute to require it. In determining whether a party has a clear right to a change of venue, the court acts in the same manner that a ministerial officer acts. Both are bound to know the law as this court shall determine it and to construe the statute and any pleading involved correctly, and in construing the statute and pleading they do not act judicially, nor is it an exercise of discretion."

While that case involved a change of venue from the county, the reasoning of the court as quoted above applies with equal force to the question of change of venue from the judge.

The statute[6] from which this court derives its authority to issue writs of mandate and prohibition pro-

---

6.   Acts 1933, ch. 102, §1, p. 688, being §3-2201, Burns' 1946 Replacement.

vides that such writs may issue to compel the performance of any duty enjoined by law upon a circuit court. If Acts 1929, ch. 6, §1, p. 12, being §2-1402, Burns' 1946 Replacement, imposes a duty upon the Vanderburgh Circuit Court to grant the change of judge which relator seeks and it has refused to grant the change, then this court may, under its statutory authority to compel a circuit court to perform a duty enjoined by law, issue a mandate compelling the trial court to grant the change. This is now the established rule in Indiana. *State ex rel. Johnson* v. *Cody, Judge* (1937), 212 Ind. 247, 8 N. E. 2d 971; *State ex rel. Daily* v. *Harrison, Special Judge* (1939), 215 Ind. 106, 107, 18 N. E. 2d 770; *State ex rel. Gentry* v. *O'Byrne, Judge* (1943), 221 Ind. 282, 293, 46 N. E. 2d 687; *State ex rel. Ballard* v. *Jefferson Cir. Ct.* (1947), 225 Ind. 174, 176, 73 N. E. 2d 489; *State ex rel. Harper* v. *Hoffman* (1950), 228 Ind. 641, 644, 94 N. E. 2d 756; *State ex rel. Gmil* v. *Markey* (1951), 230 Ind. 68, 73, 101 N. E. 2d 707.

*Sixth:* Respondents further assert that the action herein is in the nature of a writ of error *coram nobis*. Rule 2-40 of this court, effective December 20, 1952, provides for a change of judge in *coram nobis* proceedings. However, in our opinion this rule has no application to the case at bar.

*Seventh:* If relator is entitled to a change of judge his authority therefor must be provided by statute. Section 2-1402, *supra,* provides:

> "When any matter of a civil, *statutory* or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one [1] or more of the reasons named in the statutes

of this state authorizing changes of venue from the judge in civil actions." (Our italics.)

Both the remedy and the procedure for relief from a default judgment are provided by statute. (Section 2-1068, *supra.*) Such an action is, therefore, of a statutory nature. *State ex rel. Bradshaw* v. *Probate Ct.* (1947), 225 Ind. 268, 73 N. E. 2d 769.

Section 2-1068, *supra,* provides that, "The court shall relieve a party from a judgment . . ." This fixes the power to relieve from a default judgment in the court, hence such an action is not triable by jury.

An action brought under §2-1068, *supra,* to set aside a judgment, being of a statutory nature, not ■ triable by jury, falls clearly within the provisions of §2-1402, *supra.*

Relator herein is, therefore, entitled to a change of venue from the judge in his action to set aside the default judgment rendered against him in Cause No. 5890 in the Vanderburgh Circuit Court.

Relator has timely filed a proper affidavit for a change of venue from the judge, and respondents have no discretion in the matter. They have refused to perform a duty enjoined by statute and mandate will lie to compel its performance. Acts 1933, ch. 102, §1, p. 688, being §3-2201, Burns' 1946 Replacement; *State ex rel. Daily* v. *Harrison, Special Judge* (1939), 215 Ind. 106, 107, 18 N. E. 2d 770, *supra.*

· The alternative writ heretofore issued is hereby made absolute.

Flanagan, C. J., Draper, Emmert and Gilkison, JJ., concur.

NOTE.—Reported in 119 N. E. 2d 713.