STATE EX REL. KLUTEY *v.* DAVIESS CIRCUIT COURT, DOBBYN, JUDGE.

[No. 30,503. Filed June 15, 1964.]

*Richardson & Rusk,* of Washington, for relator.

*Dean H. Neeriemer,* of Washington, for respondents.

MYERS, J.—This is an original action filed by Edward L. Klutey as relator against the Daviess Circuit Court and the Honorable Fred Dobbyn as the Judge thereof.

On May 29, 1963, relator brought an action in the Daviess Circuit Court against Robert and Delores Lynn for the recovery of the reasonable value for services performed and materials allegedly furnished them. Relator recovered a judgment by default against the Lynns in the amount of $675 and costs on June 29, 1963.

On September 30, 1963, having learned of the default judgment, the Lynns filed their complaint against relator to set aside the judgment on the grounds of mistake, inadvertence and excusable neglect, pursuant to statute, being §2-1068, Burns' Ind. Stat., 1946 Replacement. Summons was duly issued and timely served upon relator. It was returnable on October 14, 1963. On that day, relator, by counsel, entered a special appearance in the cause and filed a motion to quash the summons on the ground that the Lynns' attorney had caused the Deputy Sheriff of Daviess County to amend the summons after its return and the filing thereof with the Clerk. Over objections by relator, the court, on October 18, 1963, authorized the Sheriff to amend the return of the summons.

On November 6, 1963, relator renewed his special appearance and filed a motion to quash the amended summons. Thereafter, on November 9, 1963, relator filed a motion for change of judge. This was granted. However, on November 13, 1963, the Lynns moved to set aside the order granting the change of judge. On November 15, 1963, the Judge sustained the motion to set aside the order granting the change of judge, and on November 18, 1963, he overruled the motion to quash. On November 18, 1963, relator appeared generally and filed his motion for change of judge. This was overruled on the ground that it had not been timely filed in accordance with Rule 1-12B of the Rules of the Supreme Court.

Relator alleges that on November 18, 1963, there was no motion, rule or order of court against relator undisposed of or with which the relator had not complied.

On December 2, 1963, relator filed his verified petition for writ of mandate with this court, urging that an alternative writ be issued against the Daviess Circuit Court and Judge Dobbyn, as respondents, ordering a change of venue from the Judge, or, in the alternative, that respondents show cause why the writ should not be made permanent. Such a writ was issued and the respondent Judge timely filed his return to the petition.

The only real question in this case is whether relator is entitled to his change of venue from the judge. He relies upon the general rule in civil cases that when a proper application for change of judge is duly filed, it must be granted, and that the trial court has no discretion in the matter, being divested of jurisdiction to take any further action in the case except to grant the change. Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, Change of Judge, §1251, Comments 2 and 3, page 100, and authorities cited therein. Relator asserts that if the trial judge refuses, mandate lies in the Supreme Court in this type of action, and cites *State ex rel. Hobbs* v. *Claycombe, Judge, etc., et al.* (1954), 233 Ind. 247, 118 N. E. 2d 489, in support thereof. Relator further argues that prior to November 18, 1963, when the motion to quash was overruled, his general appearance was entered, his motion for change of judge was filed, the issues in law and in facts were not closed, and so he was well within the ten-day period established by Supreme Court Rule 1-12B.

Respondents' position is that the relator's motion for change of judge was not timely filed under the pro-

visions of the rule, for the reason that the motion was filed later than ten days after the issues in the case were closed by "operation of law." Argument is made that in a proceeding to set aside a default judgment, the complaint is the only necessary pleading, as no answer is required, citing *Davis* v. *Steuben School Township* (1898), 19 Ind. App. 694, 50 N. E. 1, and *Graves* v. *Kelly* (1916), 62 Ind. App. 164, 112 N. E. 899, as authority. Thus, the action is in the nature of a summary proceeding. 17 West's Ind. Law Ency., Judgment, §199, page 314. This being the case, respondents contend that the issues were closed by operation of law on October 14, 1963, which was the return date on the summons issued and served on relator.

The statute which gives a definite relief from a default judgment is found in §2-1068, Burns' Ind. Stat., 1946 Replacement, and reads, in pertinent part, as follows:

> "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, on complaint filed and notice issued, as in original actions within two [2] years from and after the date of the judgment, . . . ."

Originally, the statutory grounds for such relief were by motion, and, if filed within term time, no notice need be given, but if filed beyond term time, notice was required. No further pleadings were necessary, and the court could summarily dispose of the matter upon affidavits and depositions. *Brumbaugh et al.* v. *Stockman et al.* (1882), 83 Ind. 583; *State ex rel. Krodel* v. *Gilkinson, Judge* (1935), 209 Ind. 213, 198 N. E. 323.

Since passage of the statute calling for a complaint to be filed within two years (§2-1068, Burns' Ind.

Stat., 1946 Replacement, *supra*), the courts have carried over some of the older conceptions pertaining to the motion. It has been stated that setting aside a default judgment is in the nature of a motion for new trial, *State ex rel. Krodel* v. *Gilkinson, Judge, supra,* at page 225 of 209 Ind.; that amending the old statute and requiring a complaint to be filed as an original action did not change the rule permitting application for relief to be determined in a summary manner and without pleadings other than a complaint. *Woodard* v. *Killen* (1925), 196 Ind. 570, 148 N. E. 195. Accordingly, it has been held that the statute cannot be construed to mean that a change of venue from the county may be granted. *State ex rel. Krodel* v. *Gilkinson, Judge, supra,* at page 225 of 209 Ind. Yet, it does permit a change from the judge, and mandate lies for such change if timely filed and wrongfully denied. *State ex rel. Hobbs* v. *Claycombe, Judge, etc., et al., supra.*

This court, in the case of *State ex rel. Beckham, Sr.* v. *Vanderburgh Cir. Ct.* (1954), 233 Ind. 368, 371, 119 N. E. 2d 713, 714, 715, said as follows:

"While such a procedure may have some of the characteristics of a motion for a new trial, it differs materially therefrom in that a motion for a new trial raises only a question of law, while a proceeding to set aside a default judgment raises only a question of fact. In a motion for a new trial the court is required to determine questions of law arising out of the trial of the original issues, while in an action to set aside a default judgment it is required to determine facts which are not a part of the original issue but which form the basis for a new and separate action.

"It seems to us that an action to set aside a default judgment under §2-1068, *supra,* is a new and different action requiring notice to the adverse parties and presenting a new and different cause for trial, wherein the burden of proof is on the

party requesting relief from the judgment. It is not in any way a trial of the original issues but a determination of the facts surrounding the action of the court in rendering judgment against the defendant because of some mistake, inadvertence, surprise, or excusable neglect on his part.

"For these reasons we do not believe the rule pertaining to a change of venue from the judge on a motion for a new trial is applicable to a proceeding for setting aside a default judgment."

We come to the crucial point in this case as to whether the application for change of judge was filed within the time required by Rule 1-12B of the Supreme Court. That rule, in pertinent part, reads as follows:

"In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits, or if the issues are closed without answer by operation of law, or where a cause is remanded for a new trial by the Appellate or Supreme Court, not later than ten (10) days after the party has knowledge the cause is ready to be set for trial. . . . "

It has been stated that a proceeding to set aside a default judgment raises "only a question of fact." *State ex rel. Beckham, Sr.* v. *Vanderburgh Cir. Ct., supra,* at page 371 of 233 Ind. In many cases, pursuant to §2-1068, Burns' Ind. Stat., 1946 Replacement, *supra,* the defendant has filed an answer to the complaint. *Walsh* v. *H. P. Wasson & Co., Inc.* (1938), 213 Ind. 556, 13 N. E. 2d 696; *Kuhn* v. *Indiana Ice & Fuel Co.* (1937), 104 Ind. App. 387, 11 N. E. 2d 508; *State ex rel. Hobbs* v. *Claycombe, Judge, etc., et al., supra; Vail* v. *Dept. of Financial Institutions* (1938), 106 Ind. App. 39, 17 N. E. 2d 854.

In *Walsh* v. *H. P. Wasson & Co., Inc., supra,* the court recites the filing of a complaint to set aside a default judgment (at page 557 of 213 Ind.), "to which complaint the defendant filed an answer in general denial. *The issue thus joined* was tried by the court and oral testimony was introduced both by appellant and by appellee." (Our emphasis.)

In §2-1203, Burns' Ind. Stat., 1946 Replacement, it is stated, in part, as follows:

"An issue of fact arises: First. Upon a material allegation in the complaint, denied by the answer."

This court has said:

"If the facts stated are sufficient and are denied, an issue of fact is raised." *General American Life Ins. Co.* v. *Carter* (1944), 222 Ind. 557, 560, 54 N. E. 2d 944, 945.

The general rule is:

"An issue of fact arises whenever a material allegation made by one party is denied, or deemed denied, by the other. No issue of fact arises on allegations which are not denied or deemed controverted by the adverse party, . . . ." 71 C. J. S., Pleading, §517, page 1073.

To the same effect is 23 West's Ind. Law Ency., Pleading, §211, page 423.

From the cases cited above, it is obvious that §2-1068, Burns' Ind. Stat., 1946 Replacement, *supra,* was intended not only to include summary action where no adversary action was taken, but also a trial where the material allegations were controverted by answer. A judgment thereon refusing to vacate the default judgment is considered to be a final appealable judgment. *Heck* v. *Wayman* (1932), 94 Ind. App. 74, 179 N. E. 785.

Here, the respondent Judge argues that the issues were closed by operation of law when the summons was returnable on October 14, 1963. Under this theory, the court could have entered judgment summarily, although relator had entered a special appearance and challenged the summons by motion to quash. We do not conceive this to be the law. The relator had the right to test the validity of the summons and the legal propriety of the complaint as in any other civil action before proceeding to put the matter at issue. Respondent recognized this and permitted several hearings on the matter presented. On November 18, 1963, relator changed his position and entered a general appearance, at the same time filing his application for a change of judge.

It has been stated:

"A general appearance brings the appearing party into court for all purposes, until final judgment, subjecting him to the same burdens and liabilities, and according him the same rights and standing, that would have resulted had he properly been brought into court in the first instance." 6 C. J. S., Appearances, §15, page 45.

In *Wibright* v. *Wise* (1835), 4 Blackf. 137, 138 (2d edition, pp. 153, 154, 155), it was said:

"The appearance, however, here spoken of, does not simply mean the coming of the defendant into the court-house; it means an appearance to the action, such as perfecting bail, or *taking some step in the action towards a defence*." (Our emphasis.)

A general appearance indicates, therefore, that a defendant wants to become "an actor" in the case. See 3 Am. Jur., Appearances, §10, page 788.

It is apparent that relator was preparing to defend himself at the time he entered his general appear-

ance. This could have resulted in filing an answer in denial, which would have put the facts in issue as stated in *State ex rel. Hobbs* v. *Claycombe, Judge, etc., et al., supra.* However, as respondent contends, if the matter was already at issue by operation of law on October 14, 1963, anything that relator had to plead thereafter would have been useless and could have been stricken from the record. This would have deprived him of due process of law.

The instant action under §2-1068, Burns' Ind. Stat., 1946 Replacement, *supra,* is purely a statutory proceeding as was the will contest action involved in the recent case of *State* v. *Whitley Circuit Court* (1964), 245 Ind. 259, 198 N. E. 2d 3. In that case, we stated (at pages 263 of 245 Ind., page 5 of 198 N. E. 2d):

> "Actions to contest wills are purely statutory proceedings, *Blanchard* v. *Wilbur* (1899), 153 Ind. 387, 392, 55 N. E. 99, 101; *Evansville Ice & Cold Storage Co. et al.* v. *Winsor, by Next Friend* (1897), 148 Ind. 682, 686, 48 N. E. 592, 593, and we are therefore governed by the apparent intent of the legislature to indicate that while formal pleadings may be permitted in will contests, as in ordinary civil actions, such formality in the formation of issues is not necessary. See: *Bartlett et al.* v. *Manor et al.* (1897), 146 Ind. 621, 45 N. E. 1060; *Evansville Ice & Cold Storage Co. et al.* v. *Winsor, by Next Friend* (1897), *supra,* 148 Ind. 682, 690, 48 N. E. 592, 595; *State ex rel. Beaven* v. *Marion Juvenile Court* (1962), Ind. 184 N. E. 2d 20, 21."

However, the facts here are entirely distinguishable from *State* v. *Whitley Circuit Court,* for in that case no pleadings were filed for a period of four months after the filing of the complaint. We further stated in that case (at page 264 of 245 Ind., page 6 of 198 N. E. 2d):

" . . . no formal pleadings were filed in the will contest action below except for the contestors' written allegations or complaint although it had been pending for a period of four months. We are compelled to come to the conclusion that there has been no affirmative showing by relators in this case that the issues in the instant will contest action were not closed by operation of law nor that relators did not have knowledge the cause was ready to set for trial. Yet such showing must be made if relators' action for writ of mandate in this Court is to prevail."

Here the complaint was filed on September 30, 1963, and, after other pleadings, relator, on November 6, 1963, appeared specially and filed motion to quash the amended summons. The motion was overruled on November 18, 1963. Relator's motion for change of judge filed November 18, 1963, was timely filed, as it clearly appears the issues were not treated by the parties as being closed by operation of law, nor was the motion for change of venue filed more than ten days after relator had knowledge the cause was ready to be set for trial.

The alternative writ heretofore issued is made absolute.

Achor, C. J., and Arterburn and Landis, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 199 N. E. 2d 335.