**Gregory CRAIG and Kim Craig, Appellants (Petitioners Below),**

v.

**WHITEFORD NATIONALEASE, INC., Whiteford Truck Lines, Inc., and Frederick E. Stevens, et al. Appellees (Defendants Below).**

**No. 34A04–8811–CV–362.**

Court of Appeals of Indiana, Fourth District.

May 24, 1989.

Kelly Leeman, Logansport, for appellants.

Robert B. Clemens, Les W. Meredith, Ice, Miller, Donadio & Ryan, Indianapolis, for appellees.

CONOVER, Presiding Judge.

Plaintiffs–Appellants Gregory and Kim Craig (Craigs) appeal an order granting a summary judgment motion made by Defendants–Appellees Whiteford Nationalease, Inc., Whiteford Truck Lines, Inc. and Frederick E. Stevens (together Whiteford).

We reverse.

Craigs present three issues. We rephrase them as whether there are genuine issues of material fact and whether, if there are no genuine issues of material fact, the Defendant is entitled to judgment as a matter of law.

Craigs' complaint alleged Plaintiff Gregory Craig was a nurse at St. Joseph's Hospital who rode in a Howard Community Hospital Ambulance to accompany a patient from Kokomo to Indianapolis. The complaint alleged that on the return trip to Kokomo the ambulance responded to a highway accident caused by the negligence of Frederick Stevens, Whiteford's driver. Further, it alleged, in route to the scene of the accident the ambulance had to take evasive action to avoid a collision. As a result, the complaint alleged, Gregory Craig was injured. Thus, the complaint alleged, Craig's injuries were proximately caused by the negligence of Whiteford's driver, Defendant Stevens. Kim Craig claimed loss of consortium.

Whiteford answered by admitting those facts alleged in Craigs' complaint concerning the identification of the parties. It admitted Gregory Craig was damaged and it admitted Stevens was an employee of Whiteford. Whiteford denied all other allegations of fact and asserted defenses of incurred risk, contributory negligence, failure to state a claim, and the nonparty defense available under IND.CODE 34–4–33–10.

Whiteford's answer thus put at issue every allegation of fact upon which Craigs based their claims of liability. E.g. *State ex rel Klutey v. Daviess Circuit Court,* (1964), 245 Ind. 400, 407, 199 N.E.2d 335, 338; Ind. Rules of Procedure, Trial Rule 8.

Whiteford moved for summary judgment. Whiteford accompanied its motion for summary judgment with only a memorandum. It submitted no exhibits, affidavits, or other evidence. It relied instead upon only the pleadings.

Craigs responded with a "motion in opposition to Whiteford's motion for summary judgment." In it Craigs argued, *inter alia*, Whiteford's motion should be denied because fact issues remained to be determined. In it Craigs also moved to publish certain depositions. Craigs attached Stevens's answers to interrogatories.

Defendants Whiteford responded with a "reply to plaintiff's response to defendants' motion for summary judgment," referring therein to the depositions Craigs had moved to publish and arguing a legal basis for the summary judgment in Whiteford's favor.

Craigs responded to the reply, again with a memorandum arguing law, this time attaching pages of interrogatories and answers, pages from a training manual, and pages of a deposition. Craigs filed a supplement to its memo and related responses.

Apparently the court first denied Whiteford's motion for summary judgment, then upon Whiteford's motion to reconsider, granted it. Craigs appeal.

With consistent regularity we note summary judgment is appropriate only in limited situations. The moving party carries the burden of establishing there is no issue as to any material fact and he is entitled to judgment as a matter of law. If the movant's pleadings, affidavits, answers to interrogatories, or other evidence establish the lack of a material factual issue, the nonmovant, to stave off summary judgment, must respond with admissible evidence to show the contrary. When reviewing a grant of summary judgment we stand in the shoes of the trial court. All evidence is construed in favor of the nonmovant and all doubts as to the existence of a material fact are resolved against the movant. Summary judgment is inappropriate if conflicting inferences arise from undisputed

facts. E.g. *ITT Commercial Finance Corp. v. Union Bank & Trust Co. in North Vernon* (1988), Ind.App., 528 N.E.2d 1149, 1151–1152; Ind. Rules of Procedure, Trial Rule 56(A).

Whiteford's denials of facts contained in its answers to the Craigs' complaint put all such facts at issue. *Klutey, supra.* Whiteford, the moving party, by presenting only the pleadings failed to carry its burden of establishing by appropriate pleadings, discovery or evidence there was no issue as to any material fact and it was entitled to judgment as a matter of law. *I.T.T., supra.* It submitted no affidavits, no answers to interrogatories, or other evidence establishing the lack of a material factual issue. Whiteford argues, correctly, the depositions referred to by Craigs were not published and could not be considered by either the trial court or this one. See, e.g. *Willis v. State* (1988), Ind.App., 528 N.E.2d 486, 488. Whiteford then comments "the only appropriate items of *evidence* to be considered in ruling on [its] motion for summary judgment are the facts and circumstances alleged in plaintiff's complaint." (our emphasis).

Whiteford's denial of Craig's allegations placed every allegation of fact denied at issue. Whiteford submitted no evidence. To the extent Craigs' submissions were admissible, they do not support Whiteford's contentions. Thus, neither the trial court nor this one has before it *any* evidence as to whether or not genuine issues of material fact exist. Without evidence showing a lack of dispute of material facts, the pleadings must prevail. They show factual disputes as to each factual allegation in the Craigs' complaint denied by Whiteford. Summary judgment below was improvidently entered.

Reversed and remanded for further proceedings.

CHEZEM and NEAL, JJ., concur.