## GRAVES, ADMINISTRATOR *v.* KELLY, ADMINISTRATRIX.

[No. 9,063. Filed June 2, 1916.]

1. APPEAL.—*Briefs.*—*Specification of Errors.*—Under a rule of court that the appellant's brief shall contain a concise statement of so much of the record as fully presents every exception and error relied upon, failure to set out a motion for change of venue from the judge, the demurrer and memorandum, and a motion for a new trial, or the substance of either, will amount to a waiver, on appeal, of such assignments of error. p. 166.

2. JUDGMENT.—*Vacating.*—*Pleadings.*—No formal pleadings beyond the complaint or motion of the party seeking relief is required in proceedings under the latter clause of §405 Burns 1914, §396 R. S. 1881, which provides that the court shall relieve a party from a judgment taken against him, through his mistake, inadvertance, surprise or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years. p. 167.

3. JUDGMENT.—*Vacation.*—*Trial.*—In a proceeding under §405 Burns 1914, §396 R. S. 1881, matters presented by the complaint or motion should be heard by the court in a summary manner. p. 167.

Graves v. Kelly—62 Ind. App. 164.

4.  JUDGMENT.—*Vacation.*—*Evidence.*—In a proceeding under §405 Burns 1914, §396 R. S. 1881, no counter affidavits or contradictory evidence should be received on the question whether the party seeking relief has a meritorious cause of action or defense, but on all other questions involved any competent evidence offered by either party should be heard.   p. 167.
5.  EVIDENCE.—*Judicial   Knowledge.*—*Uncontroverted   Pleadings.*— Where the only evidence properly before the court was the complaint, the allegations of which were uncontroverted, the court was not precluded from finding the facts to be otherwise than as set forth in such complaint by resorting to its judicial knowledge.   p. 170.
6.  EVIDENCE.—*Judicial   Notice.*—In an action commenced under §405 Burns 1914, §396 R. S. 1881, seeking relief from a judgment, the court may take judicial notice of its record made in the case in which such judgment was obtained and the facts established by such record.   p. 170.

From Noble Circuit Court; *Luke _H. Wrigley*, Judge.

Action by James Graves, administrator of the estate of John D. Kelly, deceased, against Emma F. Kelly, administratrix *de bonis non* of the estate of John D. Kelly, deceased.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*T. A. Redmond* and *Rex S. Emerick*, for appellant. *Grant & Foote* and *Finley & Finley*, for appellee.

McNUTT, J.—On March 13, 1914, appellant, as plaintiff, filed his complaint in the court below against appellee, the administratrix *de bonis non* of the estate of John D. Kelly, deceased, as defendant, seeking to be relieved from a judgment, under the provisions of the last clause of §405 Burns 1914, §396 R. S. 1881, alleged to have been rendered by said court against him on March 14, 1913. The complaint was in two paragraphs duly verified by affidavit.   Summons was ordered by the court and duly served upon appellee, who appeared to said action.   Before any issue was tendered or any action taken by the court, appellant filed his verified motion for a change of judge, which was overruled,

and appellant excepted.   Appellee demurred separately to each paragraph of the complaint for want of sufficient facts to entitle appellant to the relief prayed for, and the demurrers were sustained by the court and appellant excepted.   Appellant refused to plead further and the court rendered judgment against him that he take nothing by his suit, and that appellee recover her costs.   Appellant filed his motion for a new trial which was overruled.   Appellant assigns as error in this court: (1) The overruling of his motion for a change of judge; (2) the sustaining of appellee's demurrer to each paragraph of complaint; (3) the overruling of his motion for a new trial.

Appellant has failed in one particular to comply with the rules of this court in the preparation of his brief.   Under his "concise statement of so

1.   much of the record as fully presents every exception and error relied upon," appellant has failed to set out in the motion for a change of judge, the demurrer and memorandum, and the motion for a new trial, or the substance of either. By this failure, appellant has waived the first and last assignments of error.   *Pry* v. *Ramage* (1911), 176 Ind. 446, 96 N. E. 385, and cases cited.   As will be noted in this opinion, the failure to set out the demurrer and memorandum in the brief becomes immaterial.

The latter clause of §405 Burns 1914, *supra*, relied on by appellant, reads as follows: "The court * * * shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise or excusable neglect, and supply an omission in any proceedings on complaint or motion filed within two years."   Appellee insists that this section, being a part of the civil code, has no application to the instant case, because the original controversy was one

governed wholly by a special statute relating to the settlement of decedents' estates. We do not deem it necessary to, and do not, decide this question.

2. It is well settled by the decisions of our Supreme Court that proceedings under said clause require no formal pleading beyond the complaint or motion of the party seeking relief. *Nord* v. *Marty* (1876), 56 Ind. 531; *Lake* v. *Jones* (1874), 49 Ind. 297; *Buck* v. *Havens* (1872), 40 Ind. 221.

There was a similar attempt to make issues in the case of *Nord* v. *Marty, supra*, and on that subject the court said: "In the case at bar, the appellee demurred to appellant's verified complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. This was tantamount, in our opinion, to a submission of the cause to the court below for a hearing on the facts set out in the verified complaint. By sustaining the appellee's demurrer to said verified complaint, the court simply held that the showing therein made was not sufficient to entitle the appellant to be relieved from the judgment taken against him. The error assigned by the appellant, we think, fairly presents for our consideration the correctness of the decision of the court below."

3. It is also well settled that matters presented by such a complaint or motion should be heard by the court in a summary manner. *Ratliff* v. *Baldwin* (1867), 29 Ind. 16. On such hearing no counter affidavits or contradictory evidence should be received on the question whether the party seeking relief from the judgment 4. has a meritorious cause of action or defense, as the case may be. On all other questions involved, any competent evidence offered by either party should be heard as in other cases. *Buck* v. *Havens, supra*.

It appears that no evidence was offered by either party, by way of affidavits or otherwise, and the question arises whether there was any evidence properly before the court other than the verified complaint.

So much of appellant's complaint as will disclose the nature of the original controversy, alleges in substance, that appellant was appointed administrator of said decedent's estate in 1906, qualified and acted as such until 1912, at which time he was, upon petition of appellee, who was the widow of decedent, removed from his trust and ordered by the court to file his final report as such administrator; that appellant filed such report in March, 1912, to which appellee filed exceptions; that such proceedings were had upon said final report and exceptions that on March 14, 1913, the court rendered judgment against appellant for $1,344.95; that on March 14, 1913, appellant did not appear and make out his cause of action and submit evidence in support of his final report on account of his excusable neglect, inadvertence and mistake in this: That at said time he was a person of unsound mind, caused by excessive drinking, and was incapable of making out his cause of action and incapable of understanding and transacting the ordinary affairs of life; and that he continued to be of unsound mind until about January 1, 1914, and as soon thereafter as appellant was physically able he employed counsel to commence this cause of action. In addition to the above facts, the second paragraph of complaint alleges that appellant appeared only as a witness at the trial of said exceptions in obedience to a subpoena served upon him, but that he did not make out, or attempt to make out his cause of action, or introduce evidence to support his final report.

Upon appellee's petition, a writ of *certiorari* was

issued by this court, and in obedience thereto, the clerk below duly certified to this court the final report of appellant, the exceptions filed by appellee thereto, also the record of the trial and the findings and judgment of the court.   The record shows the following proceedings were had on March 13, 1913: "No. 1317—James Graves, administrator of the estate of John D. Kelly, deceased. Emma F. Kelly as administratrix *de bonis non* of the estate of John D. Kelly, deceased.   Exceptor. * * * Come again the parties hereto as aforesaid, and by agreement of said parties this cause is now submitted to the court for trial upon the exceptions of said Emma F. Kelly as administratrix *de bonis non* of the estate of John D. Kelly, deceased, to the final report of said James Graves as administrator of the estate of John D. Kelly, deceased, a jury, by agreement, being waived.   And thereupon the trial of this cause commences and proceeds but it is not concluded. And the court having heard part of the evidence and there not being time to conclude or for further hearing and trial of this cause today, the time of adjournment having arrived, the further hearing thereof and trial of this cause is now adjourned until tomorrow morning at nine o'clock."

And on March 14, 1913:

"* * * Come again the parties hereto as aforesaid, and thereupon the trial of this cause is resumed, proceeds and is concluded and the arguments of counsel are heard.   And the court having heard all the evidence and being fully advised in the premises, finds that the final report of said James Graves as administrator of the estate of said John D. Kelly, deceased, should be, and the same hereby is, rejected and not approved; that there is due from said James Graves as administrator of the estate of said John D. Kelly, deceased, to the estate of   said

John D. Kelly, deceased, over and above all credits to which he is entitled and over and above the value of all services rendered by said James Graves to the estate of said John D. Kelly, deceased, as administrator thereof, the sum of thirteen hundred forty-four dollars and ninety-five cents ($1,344.95), and that said James Graves and the sureties on his bonds as administrator of the estate of said John D. Kelly, deceased, are liable to said estate for the full payment of said sum of thirteen hundred forty-four dollars and ninety-five cents. And it is considered and adjudged by the court that said exceptor do have and recover of and from said James Graves all costs occasioned by the filing of the exceptions to his final report as administrator of the estate of said John D. Kelly, deceased, taxed at .......dollars and ......cents."

While the allegations of appellant's complaint are uncontroverted, this did not preclude the court, in our opinion, from finding the facts to be otherwise by resorting to its judicial knowledge. 16 Cyc 852. We are of opinion that the record made by the court in the same case, was before the court, and that it thereby ascertained that the facts set forth in appellant's complaint with reference to his appearance at the trial of the exceptions, and the judgment from which he sought to be relieved, were not true. The record shows that appellant was in court during the trial; that no such judgment as alleged was rendered against him; that in fact no judgment was rendered against him except for costs. In such a case, it is well settled that the court will take notice of its records made in the same case, and of the facts which they establish. *Cluggish* v. *Koons* (1896), 15 Ind. App. 599, 43 N. E. 158; *Denney* v. *State, ex rel.* (1896), 144 Ind. 503, 42 N. E.

929, 31 L. R. A. 726; Hogate, Pl. & Pr. §353; 16 Cyc 915, 917, and authorities cited; *Bank of Montreal v. Taylor* (1899), 86 Ill. App. 388.

We hold that the right result was reached by the lower court in this case, and that the judgment therein must be affirmed; but we deem it proper to and also hold that the action taken by the trial court and the record made in the original proceedings did not in any manner determine or adjudicate appellant's personal liability, or the liability on his bond, if any.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 899. Negligence or inadvertence of attorney, opening or vacating judgment, 80 Am. St. 264. See under (2) 23 Cyc 949; (5) 16 Cyc 852; (6) 16 Cyc 915.