HINES ET AL. *v.* ROLLINS

[No. 14,211. Filed January 8, 1932. Rehearing denied May 19, 1932. Transfer denied April 28, 1933. Petition to reconsider ruling on transfer denied June 28, 1933.]

*George H. Koons, Walterhouse & Miller* and *Sapp, Seess & Glenn,* for appellants.

*W. A. McClellant, Medsker & Medsker* and *Albert E. Needham,* for appellee.

CURTIS, J.—This cause of action was for personal injuries alleged to have been sustained by the appellee by reason of certain alleged negligent acts of appellants and was tried below, before a jury, upon the appellee's second amended complaint to which the appellants filed an answer in general denial. Upon the issues thus joined there was a verdict for the appellee against the appellants in the sum of $2,000.00, upon which the court rendered judgment in accordance therewith. There were various rulings of the court upon the pleading but since error is not predicated thereon they need not be discussed. The motion for a new trial contains 27 grounds but the only errors presented and relied

upon are: (1) the verdict of the jury is not sustained by sufficient evidence; (2) the verdict fo the jury is contrary to law; (3) alleged error of the court in the giving of instructions 1 to 29.

The negligence charged in the second amended complaint is alleged substantially as follows: that the appellee was a passenger in the appellants' bus; that after the appellant's agent and driver had stopped said bus to discharge passengers at a certain bus stop for that purpose, the appellee arose from her seat in the bus, having previously told the bus driver that she wished to alight at that place, and went to the door at the front of the bus and stepped on the step of the bus for the purpose of alighting while said bus was standing still; that while in that position the said driver in a reckless and careless manner started said bus and then suddenly applied the brakes of said bus in such a reckless and careless manner as to jerk said bus, thereby throwing the appellee with violent force onto the sidewalk causing the injury complained of. It is earnestly urged by the appellants that these allegations of negligence are not proven and that therefore the verdict is not sustained by sufficient evidence and is contrary to law. There can be no doubt but that the appellee must recover upon the allegations of her complaint or not recover at all and that she can not declare upon one theory and recover upon another theory. In the case of the *Louisville, New Albany, and Chicago Railway Company* v. *Godman* (1886), 104 Ind. 490, 4 N. E. 163, it was said: "It is well settled that the plaintiff must recover *secundum allegata et probata* or not at all." See also *Gibralter Realty Co.* v. *Security Trust Co.* (1922), 192 Ind. 502, 136 N. E. 636, and cases cited therein. It is also true that a plaintiff must prove the negligence alleged and that it was the proximate cause of the injury. A fact cannot be regarded as proven where the evidence merely gives rise to conjec-

ture or suspicion of its existence. A verdict must not rest upon mere conjecture or speculation.

Being mindful of these and other rules we proceed to examine the evidence in the instant case to determine whether or not the verdict is sustained by sufficient evidence or is contrary to law. The evidence is sharply in conflict on many matters and it is needless to say that this court, if there is competent evidence to sustain the verdict of the jury, will not weigh the conflicting evidence and substitute its judgment thereon for the verdict of the jury. This court, however, will examine the evidence to determine whether or not there is competent evidence or legitimate inferences that may be drawn therefrom to sustain the verdict. There was a stipulation of the parties, in substance, as follows: That the bus on which the appellee rode was the property of the appellants and that at the time the appellee claims the accident occurred this bus was being operated by an employee of the appellants. The appellee testified that she got up to get off after the bus stopped; that while one foot was on the bus step and the other in the air in trying to alight the bus gave a lurch or jerk and caused her to lose her balance and to fall onto the sidewalk causing the injury; that she did not know just how or why the bus jerked or lurched; that the driver of the bus got out then and came up to her and among other things said he must go on with the bus; that before the accident, as the bus approached the west side of the street it either stopped or almost stopped and that she sat down and waited until it crossed over the street on the green light and stopped to let her off at the place she was injured. The bus driver said it was a new bus at the time; that he stopped it in front of a shoe shining parlor on the east side of the street; that he had told appellee she couldn't get off on the west side of the street and not until he

stopped on the east side. The evidence is clear that the appellee, as to the time and place of alighting, was under the direction of the appellants' bus driver. There is evidence that this driver stopped or almost stopped the bus on the west side of the street and that he then told the appellee that she could not get off there, but must wait until he stopped on the other side of the street and that she obeyed these orders and sat down until the bus was stopped on the other side when she attempted to get off and that she was, by reason of a jerk or lurch of the bus, thrown off her balance and was caused to fall to the sidewalk and that her injuries were caused thereby. The bus was admitted to have been operated by the appellants' driver at the time of the accident. There is no evidence that anything outside of the bus intervened or interfered with it to cause the jerk or lurch. There was no showing that the street was uneven or in any unusual condition. Under these facts was the jury warranted in finding that the allegations of the amended complaint in respect to the negligence charged, had been proven? The appellants cite and strongly rely upon the case of *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company* v. *Arnott, Admx.* (1920), 189 Ind. 350, 126 N. E. 13. A careful reading of this case leads us to conclude that rather than lending any support to the appellants' view it in reality is authority in opposition thereto. Among other things the court said: "It is one thing for a jury to find that the accident or condition of which the plaintiff complains was due to the negligence of the defendant, and quite another to find that such accident or condition produced the injury of which the plaintiff complains. The first is a finding of negligence and the second is a finding on the question of proximate cause. The rule *res ipsa loquitur* applies to the question of negligence but it has no application to the question of proximate

cause." In the same case the court said further: "If the jury found that the car became cold when the conditions and circumstances were such as to require heat, it would have been right under the rule stated, to infer that the failure to heat the car was due to negligence of the defendant, but the court could not properly instruct the jury that if it found that Arnott became sick while on the train such fact would be prima facie evidence that his sickness and subsequent death were caused by negligence of the defendant." In the instant case the causal relation between the jerk or lurch and the accident that followed is established by direct and positive evidence and not left to conjecture or inference. Under the rule announced, we also believe that the jury had ample evidence before it from which a reasonable inference could be drawn that the jerk or lurch was caused by the negligent act of the appellants' employee as alleged in the second amended complaint. The appellee contends that there were two stops of the bus at or near the place of the accident—one before she started to alight and another after she started to alight which was so sudden so as to cause the jerk or lurch of the bus. While the evidence as to the first stop of the bus is in conflict, yet the evidence of both the driver and the appellee support each other as to the second stop. The driver says that he stopped the bus two or three feet after the accident and this corroborates the appellee's evidence. If, therefore, the bus was stopped for the appellee to alight and was stopped again in two or three feet the jury would be perfectly warranted in concluding that there had been a starting of the bus as was alleged in the appellee's pleading. According to the driver's evidence the bus was a new one and since there was a first starting and stopping and a second stopping in two or three feet we believe that the jury was warranted in inferring that there had been such a stopping

as was alleged by the appellee. The law requires all motor vehicles to be equipped with brakes sufficient to control them. The jury as reasonable men could reasonably infer that under the circumstances of this case where no intervening cause for the jerking or lurching of the bus appeared in the evidence that the appellee had sufficiently proven her cause of action as to the negligence alleged. We believe there is sufficient evidence to sustain the verdict and that the verdict is not contrary to law.

The third error relied upon for reversal relates to the giving of instructions 1 to 29 inclusive, but since the appellants have not seen fit to discuss any of the said alleged errors in their Points and Authorities except as to the giving of instruction number 25, all alleged errors as to the other instructions are waived and will not be considered. It is first urged against said instruction that it covers facts of which there is no evidence in the case, in that it instructed the jury concerning the stopping and starting of the bus on the east side of the street. In this contention the appellants are wrong as to the stopping and starting of the bus as has been demonstrated in an earlier part of this opinion. It is to be noted that in another instruction given the jury they were told that the plaintiff must prove all of the material allegations of the complaint by a preponderance of the evidence. The court also specifically instructed the jury that no attempt was made by the court to embody all of the law of the case in any one instruction and that they, in construing any single instruction, must consider it in connection with all the other instructions given and that all instructions were to be construed in harmony with each other. It is also insisted by the appellants that under the instruction as given the jury might have

concluded that they could go outside of the evidence. We do not believe the jury could place any such a construction on the instruction. We believe that the jury was in no way misled by the instruction. This conclusion is reached after carefully examining all of the instructions given. While the complained of instruction is not a model of precision and diction, yet we do not believe there was any reversible error in the giving of the same.

We find no reversible error. Judgment affirmed.