CLAPHAM *v.* CITY OF HUNTINGTON

[No. 16,486.   Filed March 3, 1941.   Rehearing denied
May 27, 1941.]

William D. Hamer and Reuben G. Schreck, both of Huntington, for appellant.

Mart J. O'Malley, Lawrence E. Carlson, and Arthur D. Sayler, all of Huntington, for appellee.

CURTIS, C. J.—This action is to recover damages for injuries to the appellant alleged to have resulted from the negligent maintenance of one of its streets by the appellee.

The issue was formed by the appellant's complaint and the appellee's answer in general denial.

The cause was submitted to the court resulting in a finding for the appellee that the appellant (plaintiff) take nothing by his complaint and for costs. The judgment followed the finding. A motion for a new trial was filed and overruled, and this appeal prayed and perfected, the error assigned being the ruling on said motion. The causes or grounds of the motion are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The complaint makes the usual general allegations to the effect that the appellee is a municipal corporation under the laws of this state, followed by the averment that in said city there is a street known as Broadway, running north and south, which is 50 feet wide and located on the east corporation line, and that Sabine street in said city is 60 feet wide and extends east to and across said Broadway street. We now quote the charging part of said complaint as follows:

"That on September 29, 1935, about 8:30 A. M., this plaintiff was driving his certain motor vehicle

south on said Broadway street within the corporate limits of defendant city and that as he approached said Sabine street a motor truck was approaching said Broadway street on said Sabine street from the east; that this plaintiff swerved his motor vehicle to his right to avoid colliding with said motor truck; that said defendant city had negli-gently, carelessly and unlawfully permitted loose crushed stone to accumulate to the depth of about six or more inches and remain on the pavement on said Broadway street and that said plaintiff's motor vehicle skidded in said loose stone, causing this plaintiff to lose control of the same and that his said motor vehicle continued southward across said Sabine street and struck and collided with a pole on the south part of said Sabine street adjacent to said Broadway street and thence struck and collided with a fire hydrant a few feet therefrom."

Here follows the allegation that the said collision caused the injuries described in said complaint. We do not deem it necessary to detail them. The prayer of the complaint is for ten thousand dollars damages. With the complaint is filed, as an exhibit, a copy of the notice of the accident served upon the city. No question is raised as to the form or sufficiency of the notice.

The general rule recognized in Indiana is that a municipal corporation is required to keep its streets in a reasonably safe condition for the uses for which they are intended and for those who travel upon them in the ordinary and accustomed modes. This principle of law is agreed to by both parties, and we have not found it necessary to cite sustaining authorities.

The sole and only contention made by the appellant is that the appellee negligently permitted loose crushed stone to accumulate on Broadway at the place of the accident for at least one week prior thereto and that as a proximate result of said negligence he was injured as described in his complaint. The court heard all of

the evidence produced by both sides upon these questions of fact and decided against the appellant that he take nothing by his complaint.

The rule of appellate procedure in this state is, that where a court hears the evidence upon questions of fact and makes its finding, an appellate court will not weigh the evidence for the purpose of substituting its judgment on said matters for the judgment of the trial court. Where there is some competent evidence or legitimate inferences that may be drawn from such evidence to sustain the finding, it will not be disturbed. Our examination of the evidence is for the purpose of determining whether or not there, is competent evidence or legitimate inferences that may be drawn therefrom to sustain the finding. Where the evidence is without conflict and leads to but one reasonable conclusion and the trial court has reached a contrary conclusion, then on appeal such decision will be reversed. Such is not the situation in the instant case. See: *Hines* v. *Rollins* (1933), 97 Ind. App. 251, 179 N. E. 183.

It seems from the evidence that trucks, hauling crushed stone into the city, turned at this street intersection, and that some of the crushed stone, shattered off the trucks and onto the street; but there is evidence that many automobiles passed along the street safely. As the basis for recovery, the complaint charged that without his fault the automobile of the appellant "skidded in said loose stone causing" the accident. From our examination of the evidence, we think the trial court is amply sustained in its evident conclusion that the appellant failed to sustain said allegation. On the contrary, the appellant himself testified in effect that as he approached the street intersection in question he saw the truck coming into the intersection

in front of him and that he got the "jitters" and did not know what happened. We quote from the appellant's own concise statement of his evidence, to wit:

"As I approached the crossing, I was holding my car to the west side of the pavement, so as to avoid interfering with the truck, which was on the east side of the pavement, where it ought to be. I do not know what happened after that. I lost consciousness. I do not remember hitting any object. I did not say I lost consciousness before I collided with anything. I don't know when I did lose consciousness. I do not know of hitting anything."

From our examination of all of the evidence, we think it is ample to sustain the decision. We perceive of no reason to hold that the decision is contrary to law.

Judgment affirmed.

NOTE.—Reported in 32 N. E. (2d) 118.