ARLINGTON *v*. BROWN

[No. 17,630.   Filed June 25, 1947.]

*U. S. Lesh* and *Lee M. Bowers,* both of Huntington, for appellant.

*Kenner, Carlson & Gordon,* of Huntington, for appellee.

CRUMPACKER, P. J.—This is a suit to recover damages for personal injuries brought by the appellant in the Huntington Circuit Court and tried to a jury which returned a verdict for the appellee. From a judgment that she take nothing by reason of her complaint the appellant appeals and charges that the court erred in overruling her motion for a new trial in which motion she alleges (1) the verdict of the jury is not sustained by sufficient evidence, and (2) said verdict is contrary to law. It had been held repeatedly that an assignment of error to the effect that the verdict of the jury is not sustained by sufficient evidence presents no question when the judgment is purely negative and against the party having the burden of proof. *Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. (2d) 529; *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905; *McKee* v. *Mut. Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. (2d) 474; *Wadler* v. *Mogul Rubber Corp.* (1945), 116 Ind. App. 152, 61 N. E. (2d) 472; *Scoopmire* v. *Taflinger* (1944), 114 Ind. App. 419, 52 N. E. (2d) 728.

In support of her assignment that the verdict is contrary to law the appellant contends that the evidence is undisputed and forces a conclusion contrary to that reached by the jury. If this be true she is entitled to relief. *Clapham* v. *City of Huntington* (1941), 109 Ind. App. 244, 32 N. E. (2d) 118.

The appellant was injured as the result of a collision between a bicycle she was riding and an automobile owned and driven by the appellee. On November 5, 1945, at about 5 o'clock in the afternoon, the appellant was riding her said bicycle in an easterly direction "right up next" to the south or right-hand curb of the pavement on West Park Drive in the city of Huntington, Indiana. As she approached the intersection of West Park Drive and LaFontaine Street the appellee, driving an automobile in the same direction and on the same street, overtook her and, as he attempted to pass, the bicycle and automobile came in contact, whereby the appellant was injured.

According to the appellant's version of the accident, the appellee came up from behind and, without warning of any kind, "bumped" the rear fender of her bicycle with the right front portion of his car whereby she was thrown to the pavement and dragged approximately 25 feet. That the headlights on the appellee's car were inadequate according to statutory standards, as a result of which he failed to see the appellant in time to avoid striking her.

The evidence most favorable to the verdict tends to prove that at the time of the accident the appellee was driving the automobile east on West Park Drive at from 10 to 15 miles per hour. That the right side of his car was 6 or 7 feet from the south curb of said street and just after the front fender passed the back wheel of the bicycle the appellant turned to the left, away from the curb, and directly into the side of the automobile and had she not done so the accident would not have happened.

Thus it is apparent that the record discloses a sharp conflict of substantial evidence and under such circumstances it cannot be said that the verdict of the jury is

contrary to law. *Rowe* v. *Johnson, supra; Clapham* v. *City of Huntington, supra.*

Judgment affirmed.

NOTE.—Reported in 73 N. E. (2d) 774.