CARTER; HENRY *v.* WHITNEY, ETC., ET AL.

[No. 19,963. Filed November 20, 1964.]

428

*Alvin B. Triff,* of Lexington, Kentucky, *Dutton, Kappes & Overman,* of Indianapolis, and *Bob Good,* of Shelbyville, for appellants.

*Emerson Boyd, Locke, Reynolds, Boyd & Weisell,* of counsel, of Indianapolis, *Wilbur F. Pell, Jr.* and *Pell & Matchett,* of Shelbyville, for appellees.

KELLEY, J.—In this appeal, it appears that the appellant, Charles B. Henry, was driving and operating an automobile in which the appellant, Ray D. Carter, was being conveyed as a passenger. There was a collision between that automobile and a truck driven by one George W. Poynter, who was not made a party in either of the two designated actions. Each appellant instituted

a separate action against the appellees for damages allegedly sustained as a result of the collision, the appellant, Ray D. Carter, seeking damages for alleged personal injuries and the appellant, Charles B. Henry, claiming damages for alleged personal injuries and property damage. The two actions were consolidated and simultaneously tried to the court without jury.

The court found for the appellees and that appellants take nothing. Consistent judgment was entered. Appellants filed separate and several motions for a new trial which were overruled by the court and this appeal followed.

The only specification of the new trial motions urged by appellants are that the decision is not sustained by sufficient evidence and that the same is contrary to law. As the appellants bore the burden of proof in their respective actions, the first aforementioned specification is unavailing to them.

Appellants say, in their brief, that "The principal question involved in the trial of this case and in this appeal, is whether or not the said Mr. George W. Poynter, was acting within the scope of his employment and authority so as to have been the agent of the defendants at the time of this accident." However, there is no concession by appellees that Poynter was negligent in the driving and operation of the truck nor that the collision was a result of any negligent act of Poynter, and, therefore, unless the appellants establish by their argument that the undisputed evidence leads inescapably to the reasonable conclusion, contrary to that of the trial court, that said Poynter was negligent and that such negligence was the proximate cause of the collision out of which their alleged injuries and property damage allegedly arose, then

whether Poynter was acting within the scope of his employment at the time of the collision becomes immaterial.

Under *"Point No. 1"* of the argument portion of appellants' original brief, they set forth the following: *"Agency and Scope of Employment of Driver."*

> "A. *Undisputed Facts.* Defendants' driver, George W. Poynter, had been in their employment for a period of about two and one-half years before the accident. On the morning of May 13, 1955, after being assigned a delivery trip by defendants' general manager, D. A. Boster, Mr. Poynter left Bowling Green, Kentucky, in defendants' tractor-trailer to deliver a load of furniture and household goods in Columbus, Indiana. After ariving in Columbus in the afternoon, Mr. Poynter attempted to deliver the goods, but the receiving party could not accept them until the next morning. Mr. Poynter then unhitched the trailer, left it at a lot in Columbus, and drove the tractor toward Indianapolis to spend the night with some of his relatives. On his way to Indianapolis, Mr. Poynter was involved in the accident with plaintiffs."

Thereafter, as "B" under said Point No. 1, appellants discuss the evidence relating to the scope of Poynter's employment and the *"Permission, Knowledge and Acquiescence of Defendants"* to Poynter's trip to Indianapolis from Columbus. Next, under the heading "C. *Applicable Indiana Law"*, appellants cite and discuss five cases from the Supreme and Appellate courts of Indiana in support of appellants' contention that Poynter was engaged in appellees' business and was acting within the scope of his employment at the time of the collision. The foregoing is all that is given under said Point No. 1.

*"Point No. 2"* of the argument portion of appellants' brief is headed: *"Negligence of Defendants' Driver,*

*George W. Poynter.*" This part of the argument is apparently intended to demonstrate that the evidence establishes the alleged negligence of Poynter, the truck driver, and that such negligence was the proximate cause of the collision and resulting damage to appellants. Consequently, for purpose of certainty and clarity, we consider, in substance, each successive phase of the argument.

The argument begins with the assertion that appellees' argument that its driver, Poynter, may not have been negligent "is makeweight at best and deserves little comment"; that the sole basis for the argument is found in two statements attached to the deposition of Poynter, in the first of which he said: "a car pulled out in front of me from this sideroad or from this filling station, I don't know which", whereas, in the second statement, he said:

"(A) car came out of the side road to my right. I saw this car as it ran the light. When seeing this car I swerved my car to my left . . . ";

that other than these two statements, there is nothing to substantiate this argument of defendants; that no details concerning the alleged third car or its driver are known; and that on the other hand, both Mr. Henry and Mr. Carter testified that "they noticed nothing unusual immediately prior to the impact between their car and the tractor."

In the next succeeding part of the argument, appellants quote the provisions of §47-2010, Burns' 1952 Replacement, and say that said section provides "that vehicles shall be driven on the right side of the road" and that "Driving to the left of the center of a highway is prima facie evidence of negligence and places

upon the violator the duty of producing evidence to excuse such conduct."

As the final statement of their argument, appellants say: that the record shows only the above-mentioned paucity of evidence, and from such evidence, one cannot conclude that defendant's driver was confronted with an emergency sufficient to relieve him of negligence. A quotation from "38 Am. Jur., *Negligence*, 41" is then set forth. The concluding statement of the argument is that appellees have not produced evidence sufficient to overcome the prima facie evidence of negligence of their driver.

Appellants make no reference in their argument to any evidence showing how the collision occurred or in what way or manner Poynter was negligent. The only evidence referred to consists of the two above quoted statements of Poynter which appellants stated constituted the only basis for appellees' argument. We are not apprised by the brief as to what appellees' argument was or where it was made. Apparently, appellants have reference to some argument advanced by appellees in the trial court.

Nor do appellants refer to any evidence to which the provisions of the quoted statute (§47-2010, Burns' 1952 Replacement) apply. Nothing is said about which of the operators of the motor vehicles drove to the left of the center of the highway. And what emergency appellees' driver may have been confronted with is not disclosed by the brief.

The specification of appellants' motions for a new trial upon which they must rely is that the decision of the trial court is contrary to law. It has been many times held by our courts that a verdict or decision will be set aside as contrary to law only

where the evidence is without conflict and leads inescapably to but one reasonable conclusion, and the trial court has reached a contrary conclusion. *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, point 3, 78 N. E. 2d 447; *Clapham* v. *City of Huntington* (1941), 109 Ind. App. 244, 247, points 2-4, 32 N. E. 2d 118; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, point 7, 104 N. E. 2d 669. The burden is on appellant on appeal to establish error by the record and this must be done in accordance with and by adherence to the Rules made and adopted by the Supreme Court. In *Wright* v. *State* (1958), 237 Ind. 593, on page 595, point 1, 147 N. E. 2d 551, it was declared:

> "It is encumbent upon appellant on appeal, whether the cause be civil or criminal, to *affirmatively show* harmful error *by argument* and citation of authorities. Rule 2-17(e). Errors assigned and causes for new trial not so treated are deemed to be waived. Rule 2-17(f)." (Emphasis supplied).

And in *Waggoner* v. *State* (1949), 227 Ind. 269, on page 273, point 3, 85 N. E. 2d 642, it was held that:

> "failure to apply a proposition of law *to the facts* in issue, is a waiver of the claimed error." (Our emphasis).

See, also, *Poore* v. *Poore* (1955), 125 Ind. App. 392, on page 394, points 1, 2, 125 N. E. 2d 810.

Appellants' argument on the issue of the negligence of appellees' driver, George W. Poynter, wholly fails to set forth the particular evidence, or any part thereof, whether disputed or undisputed, which supports, or tends to support, their tenet that appellees' driver was negligent in the particulars alleged and that such negligence proximately caused the collision and the alleged resulting injuries and damage to appellants. In fact, nowhere in their brief do appel-

lants point out, designate or refer to any evidence which they contend establishes, without conflict, such negligence on the part of Poynter.

We must, therefore, hold that appellants have not demonstrated by the record that the decision of the trial court is contrary to law.

Judgment affirmed.

Hunter, C. J., and Mote and Pfaff, JJ., concur.

NOTE.—Reported in 202 N. E. 2d 167.