CHARLES R. BELCHER AND MARJORIE BELCHER, INDIVIDUALLY, AND CHARLES R. BELCHER, NEXT OF FRIEND OF PAUL BELCHER, A MINOR *v.* THOMAS MICHAEL BUESKING AND WALTER H. BUESKING

[No. 3-1275A276. Filed January 19, 1978.]

*Richard J. Thonert*, of Fort Wayne, for appellants.

*John F. Lyons, William F. McNagny*, of Fort Wayne, for appellees.

HOFFMAN, J. — Charles R. Belcher and Marjorie Belcher, individually, and Charles Belcher as next of friend of Paul Belcher, a minor, brought an action against Thomas Michael Buesking and Walter H. Buesking for injuries sustained as the result of an automobile accident north of Fort Wayne in Allen County, Indiana. The allegations of the complaint were generally that the plaintiffs suffered personal injury and property damage because of the negligent operation of an automobile owned by Walter Buesking and driven by his son Thomas Buesking. The defendants responded with a denial and counterclaim for property damage to their vehicle.

After trial to the court judgment was entered with neither party recovering from the other. Appellants subsequently perfected this appeal contending that the trial court erred by considering alleged evidence of a physics experiment not in the record and as a result incorrectly imputed the contributory negligence surmised of Charles Belcher to his eleven-year-old son, Paul Belcher.

The record reveals the following facts most favorable to the appellees. On November 13, 1970, Charles Belcher was taking his son to a wooded area north of Fort Wayne, Indiana, to run their dogs in preparation for the hunting of raccoons. While traveling east bound on the south side of the Dupont Road at approximately 25 to 30 miles an hour, two cars came up from the rear at a fast rate of speed. As Belcher approached some railroad tracks, the first automobile driven by Thomas Buesking's girlfriend passed him in the left lane going approximately 50 miles per hour. The second automobile driven by the defendant failed in its attempt to overtake the Belcher vehicle, instead striking the left rear wheel area and pushing it into the left side road ditch. Testimony from Thomas Buesking charged that the Belcher automobile was attempting to turn left onto a backroad; however, the plaintiff stated that he was struck from the left rear and thrown to the passing lane where he was struck a second time.

Upon these facts appellants first ascribe as error the trial court's alleged consideration of evidence not in the record. This is said to be revealed by the judge's comments based on a judicial knowledge of physics and in particular the remembrance of an old high school experiment upon which he concluded the impossibility of the events as described in Charles Belcher's testimony. Appellants assert this to be a violation of their due process rights to a hearing in which the evidence before the court is subject to investigation, cross-examination and rebuttal.

The Bueskings respond primarily that the issue so raised has been waived. Relying on Ind. Rules of Procedure, Trial Rule 59(D), appellees contend that the affidavit submitted concerning the trial judge's comments on the evidence at the end of trial had to have been filed contemporaneously with the motion to correct errors in order to preserve any allegation of error on appeal.

Trial Rule 59(D), *supra*, concerns itself with evidence outside the record of trial. The comments of the trial judge upon which appellants base their appeal were made to the parties at the close of final agruments on the evidence. They were within the proceedings but unrecorded. Ind. Rules of Pro-

cedure, Appellate Rule 7.2(A)(3)(c), provides the proper method for preserving allegations of error in this context wherein it states:

"If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including his recollection. If submitted contemporaneously with the matter complained of, the statement may be settled and approved by the trial court. If submitted thereafter, the statement shall be served on other parties who may serve objections or prepare amendments thereto within ten (10) days after service. The statement and any objections or prepared amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall become a part of the record and be included by the clerk of the trial court in the record.

"If statements or conduct of the trial judge are in controversy, the statement shall be supported by sworn affidavit which shall be submitted to the trial judge for his certification. If he refuses to certify the statement he shall file opposing affidavits. All such affidavits shall be included in the record by the clerk of the trial court."

Appellants are in substantial compliance with this rule in that they filed a sworn affidavit describing the comments made, served a copy upon opposing counsel and received certification from the trial court. The affidavit was included within the record of proceedings and certified to by the clerk. *See, Dunbar v. State* (1974), 160 Ind. App. 191, 311 N.E.2d 447 (transfer denied).

However, in considering the issue so raised upon its merits, it must still be concluded that reversible error is not demonstrated by charging the trial judge with the consideration of evidence not in the record merely because he recalled his understanding of physics in commenting at the close of final arguments. Trial courts often make comments upon the evidence before pronouncing judgment. Furthermore they usually draw inferences which are in fact dependent upon known facts, sometimes considering them under the rubric of judicial notice.

In this regard appellants correctly argue that the actual private knowledge of the judge is not sufficient grounds for the taking of

judicial notice of a fact as the basis for a finding; *Darnell v. Barker* (1942), 179 Va. 86, 18 S.E. 2d 271; 31 C.J.S., *Evidence,* § 11, at 832; McCormick et al. on Evid., § 329, at 761 (2d Ed. 1972); nor should judicial notice be taken without disclosure at trial and provision for an opportunity to object. *Ohio Bell Telephone Co. v. Public Utilities Commission* (1937), 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093. *See, Fletcher, etc., Trust Co. v. American State Bank* (1925), 196 Ind. 118, 147 N.E. 524.

Nevertheless, the allowable scope of judicial notice varies according to the function the judge is performing. When discerning adjudicative facts, the trial court is allowed a wider latitude in its role as a fact finder than would be allowed when it sits as a judge in a jury trial. *Baltimore & Ohio R. Co. v. Daugherty* (1953), 123 Ind. App. 373, 111 N.E.2d 483. *See, Calvert v. London* (1965), 137 Ind. App. 595, 210 N.E.2d 376. In addition judicial notice of facts only collaterally involved with the facts in issue has been upheld as appropriate. *Carter v. Neeley's Estate* (1936), 102 Ind. App. 257, 2 N.E.2d 221. *See, Graves v. Kelly* (1916), 62 Ind. App. 164, 112 N.E. 899. Accordingly, within the framework of judicial notice, a knowledge of certain physical laws going to an evaluation and understanding of the evidence, and not to a consideration of evidence other than that presented by the parties is not considered error. *Angola R., etc., Co. v. Butz* (1912), 52 Ind. App. 420, 98 N.E. 818.

Furthermore, quite apart from strict judicial notice, the trial process assumes that the participants bring with them a vast amount of everyday knowledge of facts in general which will help in the process of inferring ultimate conclusions. Thus where, as here, the trial is to the court alone, it is presumed that the judge upon considering the facts of an automobile accident will draw on his own experience as a driver, as an observer of traffic and even as one who may understand elementary physics. *See,* McCormick et al. on Evid., § 334, at 775 (2d Ed. 1972). *Cf: Citizens Independent Tel. Co. v. Davis* (1950), 121 Ind. App. 20, 94 N.E.2d 495 (transfer denied).

Therefore, the question posed is more accurately related to the role of one who weighs evidence, draws suitable inferences and

establishes the credibility of witnesses. While only evidence before the court should be considered in making these inferences, the method of judicial reasoning cannot be hermetically sealed and shorn of common sense and ordinary experience. By using criteria known to himself as a social person, the judge as fact finder draws from the evidence the ultimate conclusion necessary to adjudicate the controversy between the litigants. *Presser v. Shull* (1962), 133 Ind. App. 553, 181 N.E.2d 247 (transfer denied). This is the essence of weighing evidence and has been noted on numerous occasions as not open to question on appeal. *Harrison v. Daniels* (1970), 147 Ind. App. 666, 263 N.E.2d 288.

In the case at bar, the evidence supports the judgment of the trial court. Charles Belcher testified that he pulled to the right of the pavement as far as possible but that the Buesking automobile struck his vehicle in the left rear area. He then claimed that by holding to the steering wheel and avoiding the ditch to the right, he was struck a second time by the same vehicle, this time in the left or passing lane causing him to go north into the ditch opposite from where he had been traveling. This was in conflict with testimony by one of the defendants, Thomas Buesking, which was to the effect that he approached a slow moving vehicle which moved to the right shoulder but then upon his attempt to pass, turned left directly into his path. An investigating police officer noted that all of the glass debris, water and oil as well as the skid marks, were to be found in only the passing lane of the highway and that there was no evidence of impact in the right lane as claimed by Belcher.

With this conflict in the testimony and the conflict in the conclusions and inferences to be drawn from the physical evidence, the trial court could have properly concluded that neither party sustained his respective burden of proof. This is a resolution supported by the record and consequently within the province of the trial court as fact finder. *Calvert v. London, supra; Arlington v. Brown* (1947), 117 Ind. App. 535, 73 N.E.2d 774. While judicial remarks concerning the evaluation of evidence are better left unsaid, in the case at bar they disclose no indication that the trial court intended to

disregard the evidence adduced at trial or that the judge actually considered evidence outside the record as urged by appellants. *Bechert v. Lehe* (1974), 161 Ind. App. 454, 316 N.E.2d 394. *See, Dean v. State* (1970), 254 Ind. 190, 258 N.E.2d 636. Reversible error has not been demonstrated.

Appellants focus their second contention of error on the trial court's failure to award damages to Paul Belcher as the passenger in his father's vehicle. Appellants assert that if the court found that Charles Belcher, the driver, was contributorily negligent, that negligence should not be imputed to his son. It is further argued that since there was a finding against the defendants on their counterclaim, Buesking must be assumed to have been negligent and therefore liable in causing the personal injuries to Paul Belcher.

The evidence discloses that appellees' vehicle struck appellants' vehicle while attempting to pass in the left lane. Such would be the cause in fact of the damages complained of by both parties. However, this event alone does not resolve the legal question of whether a duty owed by either party was violated in such a manner as to be the proximate cause of the accident. *Swanson v. Slagal, Administratrix* (1937), 212 Ind. 394, 8 N.E.2d 993. The legal proximate cause is coextensive with the foreseeability of injury and contemplates that act or omission by a tort-feasor which a reasonably prudent man under the circumstances would have avoided. *Tabor v. Continental Baking Company* (1941), 110 Ind. App. 633, 38 N.E.2d 257 (transfer denied). While the law determines the standard of care with respect to the duty owed, the fact finder determines whether the circumstances are such as would require liability under that standard. *Walters v. Kellam & Foley* (1977), 172 Ind. App. 207, 360 N.E.2d 199 (transfer denied); *Swanson v. Slagel, Administratrix, supra.*

In the case at bar there was no finding that the defendants were negligent, or that the legal proximate cause of the injuries sustained were attributable to them. Accordingly the matter of imputing contributory negligence from Charles Belcher to his son, Paul, becomes mere speculation unrelated to any liability claimed of the appellees. An argument based thereon is futile and must fail.

Having demonstrated no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Garrard, J. concur.

Robertson, C.J., Participating by designation, concurs.

NOTE—Reported at 371 N.E.2d 417.