### 0770

Ella GAMBLE, Respondent v. Mary Susan PRICE and Richard A. Nelson, Defendants, of whom Mary Susan Price is Appellant, and Richard Nelson is Respondent.

Appeal of Mary Susan PRICE.

(347 S. E. (2d) 131)

Court of Appeals

---

*Douglas J. Robinson*, Camden, *for appellant.*

*J. Edward Bell, III*, Sumter, *for respondent Gamble.*

*M. M. Weinberg, Jr.* and *M. M. Weinberg, III*, Sumter, *for respondent Nelson.*

Heard May 21, 1986.

Decided Aug. 4, 1986.

SHAW, Judge:

This negligence action arose from an automobile accident. Respondent Ella Gamble sued respondent Richard Nelson and appellant Mary Susan Price, jointly and severally, seeking damages for injuries she received when Nelson's car and Price's car collided at an intersection. Gamble was a passenger in Nelson's car. The trial court, following the presentation of evidence, directed a verdict for Nelson and against Price on the issue of liability. The jury then awarded Gamble $20,000.00 in damages. The trial court reduced this to $15,000.00. Price appeals and we affirm.

On appeal, Price contends the trial court erred in (1) directing a verdict for Nelson, (2) admitting into evidence Gamble's doctor's deposition under Circuit Court Rule 87, and (3) admitting into evidence Gamble's doctor's testimony that Gamble's injuries resulted from the accident.

### I.

Price claims the facts in controversy in this case constitute a jury question on negligence and, thus the trial court erred in directing verdicts on the issue of liability.

In reviewing a directed verdict, this court must view all the evidence in a light most favorable to the party resisting the motion. *Riddle v. Pitts*, 283 S. C. 387, 324 S. E. (2d) 59 (1984). Questions of negligence are ordinarily for the jury. *Cope v. Eckert*, 284 S. C. 516, 327 S. E. (2d) 367 (Ct. App. 1985). However, if the evidence allows only one reasonable inference, the question is one of law for the trial court. *Young v. Tide Craft, Inc.*, 270 S. C. 453, 242 S. E. (2d) 671 (1978).

Gamble testified Price pulled out in front of Nelson and that Nelson was not "driving too fast." Gamble also testified Nelson "slammed on brakes," but did not skid hard and Nelson's car stopped very shortly after impact.

The only evidence of any alleged negligence by Nelson is the testimony of Price. Price testified she pulled out into the road after looking both ways. She claimed the only cars she saw was a "clump" of cars she estimated to be 125 yards to her left. She also estimated Nelson was traveling at sixty (60) to sixty-five (65) miles per hour. Normally, speed is estimated by considering the time an object (car) takes to pass between two points of reference. By her own admission, Price only saw Nelson's car coming directly at her from about twelve (12) feet away for approximately one-ninth (1/9) of a second. Thus her testimony regarding the speed Nelson's car was traveling is inherently unreliable. This being the only evidence of Nelson's alleged negligence, no jury question was presented and we hold the trial court correctly directed a verdict for Nelson and against Price.

## II.

Price also alleges the trial court erred in admitting into evidence the deposition of Dr. Burr Piggot. Former Circuit Court Rule 87(D)(3)(c)[1] provides a deposition may be used if the trial court finds the witness is unable to attend the trial because of infirmity. Price argues, however, no evidence was presented to establish any infirmity, and the judge erroneously took judicial notice of the infirmity. While the trial court took judicial notice of Dr. Piggot's infirmity, we find no error on these facts.

---

[1] The identical rule is now found in Rule 32(a)(3)(C) of the S. C. Rules of Civil Procedure.

The trial court took judicial notice of a fact merely collateral to the issue of liability. Dr. Piggot's infirmity is not a basis for the judgment against Price. We hold a trial judge is not prohibited in taking judicial notice of a collateral fact of which he has personal knowledge. *Belcher v. Buesking.* 175 Ind. App. 322, 371 N. E. (2d) 417 (1978).

### III.

Finally, Price argues the trial court erred in admitting into evidence Dr. Piggot's testimony regarding Gamble's permanent disability because Dr. Piggot did not state Gamble "most probably" suffered permanent disability because of the accident. Price claims the exact words "most probably" must be used by the witness. This argument has no merit.

We are aware South Carolina cases dealing with this issue have used the words "most probably" including *Armstrong v. Weiland,* 267 S. C. 12, 225 S. E. (2d) 851 (1976). The *Armstrong* court held, "... when the opinions of medical experts are relied upon to establish causal connection of negligence to injury, ... the expert must ... state ... the injuries ... *most probably* resulted from the alleged negligence. ..." *Armstrong,* 225 S. E. (2d) at 853. However, we hold Price misinterprets this language.

Under Price's theory, a doctor's testimony that a certain act "most probably" caused a plaintiff's injuries would be acceptable while a doctor's testimony a certain act "most definitely" or "definitely" or "did" cause a plaintiff's injuries would not be acceptable. We believe the Supreme Court did not intend such a result.

Dr. Piggot testified Gamble *"has* (emphasis added) sustained disability from this accident. ..." The word "has" is more definite than the words "most probably." Thus, we hold Dr. Piggot's testimony satisfies the standard set down by *Armstrong* and other South Carolina caselaw on this point.

Affirmed.

SANDERS, C. J., and BELL, J., concur.