1530

Sylvester MADISON, Administrator of the Estate of Frances Alexander Madison, Deceased, Respondent v. Montague D. BRANTLEY, M.D., Appellant.

(395 S.E. (2d) 190)

Court of Appeals

*J. Allen Lewis, Jr.*, of *Yarborough, Lewis & Weaver*, Florence, *for appellant.*

*E.S. Swearingen*, of *Swearingen & Luther*, Florence, and *Nancy H. Bailey*, of *Greene & Bailey*, Dillon, *for respondent.*

Heard June 4, 1990.

Decided Aug. 6, 1990.

SHAW, Judge:

Respondent, Sylvester Madison, as administrator of the estate of his wife, Frances Alexander Madison, instituted this action against appellant, Montague D. Brantley, M.D., for medical malpractice. From a jury verdict for Madison, Dr. Brantley appeals. We affirm.

The sole issue before us on appeal is whether the trial judge erred in failing to direct a verdict for Dr. Brantley because Madison's expert testimony failed to meet the requisite standard of proof on the issue of causation.

The facts of this case are largely undisputed. On February 9, 1984, Mrs. Madison presented herself to Dr. Brantley complaining of a week long illness. Dr. Brantley immediately admitted her to the hospital and ordered a battery of tests performed. Dr. Brantley did not see Mrs. Madison nor her test

results until the following morning, February 10, 1984. Mrs. Madison, suffering from a severe attack of diabetes including acute dehydration and a very high blood sugar level, died later on that day.

Madison presented the expert testimony of Dr. John T. O'Brian. He testified to various actions and omissions in Dr. Brantley's treatment of Mrs. Madison which departed from the appropriate standard of care. Dr. Brantley does not challenge the jury's implicit finding of negligence in the diagnosis and treatment of Mrs. Madison. He argues only that the testimony of Dr. O'Brian did not adequately establish causation. We disagree.

It has generally been held that, when opinions of medical experts are relied upon to establish causal connection of negligence to injury, the proper test to be applied is that the expert must state, in his professional opinion, the injuries complained of most probably resulted from the alleged negligence of the defendant. *Armstrong v. Weiland*, 267 S.C. 12, 225 S.E. (2d) 851 (1976). However, the use of this precise terminology, although preferred, is not necessarily required. *Gamble v. Price*, 289 S.C. 538, 347 S.E. (2d) 131 (Ct. App. 1986). The question is not whether the precise terminology of "most probably" is used by the expert in establishing causation. Rather, the question is whether the medical testimony satisfies the "most probably" standard. *Springs Industries v. Second Injury Fund*, 296 S.C. 359, 372 S.E. (2d) 915 (Ct. App. 1988).

Upon examination, plaintiff's medical expert testified as follows:

Q: Could this death have been prevented most probably by proper medical treatment?
A: Oh, yes . . .[i]t's more likely than not that had she received the appropriate care, she would have survived this episode.
Q: Even if the appropriate care had come as late as seven o'clock A.M. on the 10th?
A: I think so, yes; although it's somewhat difficult to say that. Certainly had she been seen the night before, had Dr. Brantley followed up as he should have on this laboratory work, I would say that without hesitation, the

prognosis was somewhat more guarded the next morning, but I think in all probability she was still salvageable.

Dr. O'Brian further stated:

I think that had something been done, she still could have been salvaged at that point, more likely than not. But definitely, and I feel no hesitancy whatever in saying that had she been treated the previous evening in an appropriate fashion, that it would have been far more likely than not that she would have survived.

We therefore conclude the above testimony, along with the testimony of the expert on the whole, clearly satisfies the "most probably" standard.

Affirmed.

CURETON, J., and LITTLEJOHN, A.J., concur.