**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John R. Sexton and Patricia Sexton, Appellants,

v.

Alex R. Espinal, M.D. and Palmetto Surgery, LLC, Respondents.

Appellate Case No. 2011-197946

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2014-UP-120
Heard March 4, 2014 – Filed March 19, 2014

**AFFIRMED**

Chad Alan McGowan and Jordan Christopher Calloway, both of McGowan, Hood & Felder, LLC, of Rock Hill, and William Jones Andrews, Jr. and Whitney Boykin Harrison, both of McGowan, Hood & Felder, LLC, of Columbia, for Appellants.

H. Spencer King, of The Ward Law Firm, P.A., of Spartanburg, and Andrew F. Lindemann, of Davidson & Lindemann, P.A., of Columbia, for Respondents.

**PER CURIAM:** In this medical malpractice action, Appellants, John R. Sexton (Patient) and Patricia Sexton, challenge the circuit court's admission of evidence of Patient's smoking history. Appellants also challenge the circuit court's exclusion of evidence of Patient's oxygen saturation readings as measured during trial. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to the admission of evidence regarding Patient's smoking history: Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 25, 609 S.E.2d 506, 509 (2005) (stating the admission or exclusion of evidence is within the sound discretion of the trial court, and the trial court's decision will not be disturbed on appeal absent an abuse of discretion); *id.* at 26, 609 S.E.2d at 509 ("To warrant reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof."); *Martasin v. Hilton Head Health Sys.*, 364 S.C. 430, 438, 613 S.E.2d 795, 800 (Ct. App. 2005) ("[I]n determining whether particular evidence meets the 'most probably' test, it is not necessary that the testifying expert actually use the words 'most probably.'"); *Madison v. Brantley*, 302 S.C. 282, 284, 395 S.E.2d 190, 191 (Ct. App. 1990) ("The question is not whether the precise terminology of 'most probably' is used by the expert in establishing causation. Rather, the question is whether the medical testimony satisfies the 'most probably' standard.").

2. As to the exclusion of evidence regarding Patient's oxygen saturation readings during the trial: *Fields*, 363 S.C. at 25, 609 S.E.2d at 509 (stating the admission or exclusion of evidence is within the sound discretion of the trial court, and the trial court's decision will not be disturbed on appeal absent an abuse of discretion); *Beasley v. Ford Motor Co.*, 237 S.C. 506, 510, 117 S.E.2d 863, 865 (1961) ("For an experiment to be admissible[,] the conditions of it must be similar, or substantially similar, to the facts under investigation; and this must be determined by the trial judge.").

**AFFIRMED.**

**FEW, C.J., and SHORT and GEATHERS, JJ., concur**.